BRESSETTE v. BRESSETTE.

(Supreme Court, Appellate Division, Second Department.  June 3, 1904.)

1. HUSBAND AND WIFE—ACTION FOR SEPARATION—TEMPORARY ALIMONY.
    In an action by a wife against her husband for separation, it appear-
    ing that he has only an equity of $2,500 in an unimproved lot, an equity
    of $6,000 in his residence, on which he annually pays $805 for taxes, in-
    terest on mortgage, and insurance, and a yearly salary of $5,000, that
    they have no children, and that he supports his mother and contributes
    to the support of a sister, the wife should be allowed for support and
    maintenance pendente lite, in addition to occupancy of the residence,
    only $10 a week.

2. SAME—USE OF RESIDENCE.
    While the court may not direct that plaintiff in an action for separa-
    tion have the use of the residence pendente lite, it may make the order
    for temporary alimony on the basis of such use being conceded, and
    defendant will be considered to have consented thereto, not having moved
    to resettle the order, but merely made a motion for reargument of the
    motion for counsel fees and temporary alimony, on the ground that he
    was financially unable to comply with the order.

3. SAME—ALLOWANCE FOR COUNSEL FEE.
    Defendant in an action for separation being in default, and it appear-
    ing that there will be no contest, and there being no unusual difficulty
    in the matter of the proof of defendant's income for the purposes of an
    order for alimony, an allowance of $100 for counsel fees is sufficient.

Appeal from Special Term, Kings County.

Action by Mary E. Bressette against George H. Bressette.  From
an order directing payment of temporary alimony, and from an order
denying a reargument, defendant appeals.  Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

Ira Leo Bamberger, for appellant.
Charles H. Hyde, for respondent.

HOOKER, J.  The action is for separation on the ground of
abandonment, and the summons is dated the 19th day of December,
1903.  By an order to show cause, served the 22d day of December,
1903, a motion was made by the plaintiff to require the defendant to
pay a counsel fee to enable her to carry on the action, and a reason-
able sum for her support and maintenance during the pendency
thereof.  Pending the decision of the motion, which was held to per-
mit the plaintiff to submit an affidavit in reply to the defendant's an-
swering statements, the latter suffered default in pleading.  The
motion resulted in an order requiring defendant to pay a counsel fee
of $250 to enable the plaintiff to carry on this action, and temporary
alimony of $20 per week; and further provided that "the above al-
lowance for support and maintenance is made upon the understand-
ing that the plaintiff shall continue to have the use of the said house
at Ninety-Second street and First avenue, Brooklyn, and, should the
defendant fail to pay the interest and other charges thereon, or by
any act or omission prevent the plaintiff living quietly and peacefully
therein during the pendency of this action, application may be made
to me for increase of alimony, or for such relief as may be proper."

The defendant does not appear to have moved to resettle the order, but did seek a reargument of the motion on the ground that the learned court below misapprehended the facts, and on the ground that he is financially unable to comply with the provisions of the order. From the original order and the order denying his motion for reargument, the defendant has appealed to this court.

The statements in the affidavit in support of the motion contain no positive proof of the income of the defendant. It is there alleged upon information and belief, without stating the sources of affiant's information or the grounds of her belief, and without supplying other proof by affidavit or otherwise than the affidavit of the plaintiff, that the defendant's income is upwards of twenty thousand dollars per year. The defendant, however, swears that his only property is an equity of about $2,500 in an unimproved lot, and an equity of about $6,000 in the premises where the parties lived before their separation, and where the plaintiff has ever since then, and is now, residing. It appears that he is paying yearly tax and water rates upon these premises, which amount to $300; interest on the mortgage thereon, which amounts annually to about $480; the fire insurance premium on the buildings, which is about $80 annually; and in addition to that is paying a yearly premium of $78 on a policy of insurance on his life for $3,000, payable in case of his death to the plaintiff. He swears that the wife's statement that his income exceeds $20,000 is most exaggerated; that he is "an agent in the coal business, and my income, under contract, will not exceed $5,000 per year. * * * I have only my salary to fall back on." Upon this showing the appellant asks us to reduce the amount of alimony and counsel fees awarded by the learned court below.

Eliminating the yearly item of $78 which the defendant is paying to keep up the insurance on his life in plaintiff's favor, which is no contribution for her present support, it still appears that the defendant is paying about the sum of $805 yearly for the benefit of the plaintiff in keeping up the premises where she resides. If the allowance for alimony were permitted to stand, it would mean that until the final determination of the action the defendant would be required to pay the plaintiff nearly 37 per cent. of his annual income for her support and maintenance. This is, we think, disproportionate. There is no issue of the marriage, no children whose support the defendant is required to bear. It appears, too, that the defendant is required to support his aged mother and contribute to the support of a sister. In view of all the circumstances, the allowance made at Special Term is too great, and the order should be modified in this particular by reducing the weekly payment of alimony pending the litigation to $10 per week; allowing the provision in relation to the occupancy of the house to remain unchanged.

The defendant raises the question that the court was without power to direct that the plaintiff should have the use of the house at Ninety-Second street and First avenue, or to adjudge any penalty upon the defendant in case he failed to pay the interest and the other charges thereon, or by any act or omission prevent the plaintiff from living quietly or peacefully therein. The court doubtless is without power

to make such a direction, but from the language of the order it seems to us that it is meant to embody an agreement or understanding made upon the argument of the motion, to the effect that the plaintiff might have the use and occupation of the house pending the litigation, and that the allowance for alimony was made upon the consideration of this concession to the plaintiff. Such an interpretation of the order is borne out by the statements in the answering affidavit of the defendant. If such was not the agreement upon the argument on which the court based its determination of the other directions therein, the defendant might have moved to resettle the order. This he has not done. His motion for reargument was not addressed to this phase of the order, and can in no way be construed into an application to resettle.

The allowance for counsel fee we believe should also be reduced. The defendant, ever since the 11th day of January, 1904, has been in default of pleading, and from present indications there will be apparently no contest. The abandonment, from the facts that appear in the papers before us, will be easily proved. While proof of the defendant's income may be more difficult to obtain, there is nothing so unusual about it as to warrant the allowance of counsel fee as great as has often been allowed in cases of similar financial capacity to compensate attorneys for the trial of an actual, contested litigation. If the defendant subsequently moves to open the default, and ultimately raises an issue, opportunity will doubtless be given to make application for further allowance. The allowance for counsel fee should be reduced to $100. With these modifications, the order should be affirmed, without costs.

Order granting alimony and counsel fee modified in accordance with opinion of HOOKER, J., and, as modified, affirmed, without costs. Appeal from order denying motion for reargument dismissed, without costs. All concur.