# VILINDA BLAKELY v. WILLIAM BLAKELY.[1]

May 17, 1912.

Nos. 17,532—(93).

**Divorce — attorney's fees — suit money.**

An allowance to the wife, in a divorce action, for suit money and attorney's fees, must be made to her; but the court, in its discretion, may direct that it be paid to her attorney for her. Any allowance for her support should be paid directly to her, unless, in exceptional cases, the court deems it advisable, for her convenience or protection, to direct its payment to a third party for her. Allowance for attorney's fees and suit money *held* excessive.

Action in the district court for Hennepin county for an absolute divorce; for the care and custody of the child, and for temporary and permanent alimony and expenses of action. The answer admitted the marriage and the existence of the child named, but denied the other allegations of the complaint. Plaintiff, upon the complaint and answer and her affidavit, moved for an order directing defendant to pay $50 weekly, or $200 monthly, for her support, the sum of $600 to defray expenses of preparation and trial of case, and $600 attorney's fees. The motion was heard by John Day Smith, J., who ordered defendant to pay plaintiff's attorney $150 as suit money, $300 as attorney's fees, and $160 per month as temporary alimony. From the order awarding suit money, attorney's fees and temporary alimony, defendant appealed. Modified.

*Chester McKusick,* for appellant.
*Henry Funkley,* for respondent.

START, C. J.
Action for divorce. Upon a motion made on behalf of the plain-

[1] Reported in 136 N. W. 3.

tiff herein, the district court of the county of Hennepin, on November 7, 1911, made this order:

"It is ordered that defendant, within thirty days from the date of filing of this order, pay to the plaintiff's attorney the sum of $150, as and for suit money, and the further sum of $300, as and for attorney's fees, in said action, without prejudice to the right of the plaintiff to make further application for suit money and attorney's fees.

It is further ordered that defendant pay to the plaintiff's attorney, as and for temporary alimony for the plaintiff, the sum of $160 per month, payable monthly in advance, until the further order of court."

The defendant appealed from the order, and here urges that the order is erroneous, because it is, so far as it provides for the payment of suit money and attorney's fees, óne for the benefit of the attorney, and deprives the plaintiff of any control of the amount directed to be paid.

All allowances to the wife, in a divorce action, for suit money and attorney's fees, must be made to her; but the court, in its discretion, may direct such allowance to be paid to her attorney for her. Any allowance for her support pending the action should be ordered paid directly to her, unless, in exceptional cases, the court, for her convenience or protection, deems it advisable to direct payment to be made to a third party for her.

It is further urged that the amounts allowed by the court for suit money and temporary attorney's fees are so excessive as to amount to an abuse of discretion. The allowance of large sums for attorney's fees and suit money upon the commencement of a divorce action, before the court can be advised as to its merits, has a demoralizing tendency; hence such allowances should be conservative, until the court is fully advised in the premises. Upon a consideration of the whole record, we are of the opinion that an allowance of $50 for suit money and $150 for attorney's fees, with the right to apply for further allowances as the merits of the case might justify, is all that the trial court ought, in the exercise of a sound discretion, to have allowed.

It follows that the order appealed from must be modified, as of

the date of the original, so as to read as follows: Ordered, that the plaintiff be and is hereby allowed, and the defendant directed to pay to her attorney for her, within thirty days from the date hereof, $50 for suit money and $150 for attorney's fees, with the right to apply for such further allowances, if any, as the necessities and merits of the case may justify, and that the defendant pay to the plaintiff, for her support pending this action, $160 each month in advance until the further order of the court.