IN RE FRISBIE.

(Decided October 3, 1927.)

*Messrs. Turney & Sipe,* for petitioner.
*Messrs Huggett & Hanna,* opposed.

SULLIVAN, P. J.   This is an application for a writ of habeas corpus, alleging that Harry Frisbie, the applicant, is unlawfully detained and restrained of his liberty by the sheriff of Cuyahoga county.

It appears that in November, 1913, the court of common pleas of Cuyahoga county granted a divorce to one Helen Frisbie, then the wife of the applicant, and in that action there was an order finding that the applicant pay his wife the sum of $500 in installments of $4 per week, but no judgment was rendered for such amount.  It is claimed that there-

after there was an accord and satisfaction, and mutual release of the obligation, but, as far as the record is concerned, the order and finding have never been canceled or vacated upon the docket.

On September 28, 1927, about 14 years after this finding, on motion, the court of common pleas required the petitioner to show cause why he should not be punished for contempt, and the court held him to be in contempt, ordered him placed in the custody of the sheriff, and he is now in the county jail. Under these circumstances Frisbie petitions for a writ of habeas corpus, charging that he is unlawfully deprived of his liberty.

The claim is made by the petitioner that the judgment is dormant, and that, before it could be put into effect by a sentence of contempt, it would have to be revived. There is nothing to this contention, because the original decree shows there was no original judgment, and therefore we find no ground for granting the writ in this respect.

It is further claimed that, under the order of contempt, which is that the petitioner shall remain in the custody of the sheriff in the county jail until further order of the court, because of default in payment of the finding of fourteen years ago, he is imprisoned for debt, and that this is contrary to the Constitution.

It was held in *Second Nat. Bank of Sandusky* v. *Becker*, 62 Ohio St., 289, 56 N. E., 1025, 51 L. R. A., 860, that money obligations resting upon contract, express or implied, and judgments rendered thereon, are debts within the purview of Section 15 of the Bills of Rights, which forbids imprisonment for debt in civil actions. But a finding for an order with

respect to alimony is not a debt under the constitutional provision, as held in *State on Complaint of Cook* v. *Cook,* 66 Ohio St., 566, 64 N. E., 567, 58 L. R. A., 625, in an opinion written by Spear, J. It was held in that case in the second paragraph of the syllabus that a final money decree for alimony is not a debt within the purview of the constitutional inhibition against imprisonment for debt, but is such an order that, under favor of Section 5640, Revised Statutes, punishment as for a contempt may follow a willful failure to comply with it. It is also held in this case that it is not essential in proceedings for contempt, where the facts are similar to the case at bar, that the complaint allege that the party is able to pay the money, for the reason that the decree imports a finding of the court that he is able to pay, and the burden is on him, by allegation and proof, to establish his inability to conform to the order of the court.

Therefore, in ordinary cases, the simple decree of the court as to alimony is *prima facie* evidence of ability to pay, for it assumes that, when the court made the order, instead of treating the proposition as an indebtedness, it was considered as a portion of the property held under coverture, and subject to division under the specific provisions of the statute relating to alimony.

There is no record in the present case excepting what is conceded by counsel, and that is, that there was a showing that the petitioner was unable to pay the order, and that the original decree was in the nature of a judgment, and ought to have been revived before it could be the basis for proceedings for contempt.

In the instant case, it is our judgment, inasmuch as 14 years have elapsed since the original order, and there has been a remarriage of the parties, that it was the duty of the court, before imprisoning for contempt because of default in obedience to the decree, to grant a hearing as to whether there was such a material change in the circumstances as would make it impossible for the petitioner to conform to the original order. It does not seem logical that the proceedings in contempt should have for their basis the facts and circumstances existing at the time of the original decree some 14 years ago. Such a hearing was not had in the present case, and, under the statutes, we think there is grave doubt as to proper authority for the sentence.

Under Section 12142, General Code, if the defendant is guilty of contempt, he may be fined not exceeding $500 or imprisoned not more than ten days, or both. That statute, of course, did not apply in this case, because under such a statute it is necessary to file an affidavit setting forth the facts constituting a contempt.

The only other statute providing for punishment for contempt is Section 12143, General Code, which provides that, when the contempt consists in the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it. If the payment of the alimony may be considered an act under the statute, then it appears to us that an inquiry should have been made, in view of the lapse of time, as to whether the petitioner was able to conform to the order of the court.

It was held in *Pancost* v. *State ex rel. Pancost,* 15 C. C., 246, 8 C. D., 546, that imprisonment for failure

to pay alimony is not authorized, where it appears that the defendant is unable to pay.

It will be seen by an examination of the case of *State on Complaint of Cook, supra,* that the failure to pay must be "willful."

We think, in the present case, and especially on account of the 14 years lapse of time, using substantially the language of *Effinger* v. *State,* 11 C. C., 389, 5 C. D., 408, that the court, before imprisoning for failure to perform, should find the accused capable of performing.

Again, it will be seen by the opinion of Judge Spear, already quoted, that alimony is not a debt itself, but that it is an allowance. Now 14 years have elapsed, and we think they have changed the character of the obligation.

If the order was not a debt 14 years ago, it is less a debt now. It was an allowance then, and it must be considered as an allowance now. The allowance was based on facts as they existed under the record 14 years ago, and we think that the attempt, after the remarriage of both parties and the lapse of 14 years, to collect the ancient order, taints the transaction, as to the wife, with lack of good faith, and these elements we take into consideration in our decision. In our judgment, there should be a record showing that the failure to pay now is willful. There is no such record, and no such evidence submitted to this court.

Again, the sentence for contempt is not based upon an affidavit, neither is it based, as we understand from the statements of counsel and the record, on the specific failure to pay the order of alimony or be confined until it is paid. It is a sentence of

confinement in the jail until the further order of the court.

We think that this sentence does not follow either of the two provisions of the statute relating to contempt in alimony cases. In cases of contempt the adjudication under the statute should be either to pay a fine or to be confined until the thing which is required to be done and can be done is done.

From the cases cited herein, it is plain that the common pleas court has power to order imprisonment for contempt of its orders to pay alimony, but it must be done in accordance with the provisions of the statute.

This opinion in no wise questions the judicial authority in this respect in all proper cases, and this decision only applies to the case at bar, under the facts as outlined by counsel in their statements, which are apparent on the record, and it does not cancel the order of allowance.

Thus holding, the writ is granted, and the defendant is discharged.

*Writ allowed.*

VICKERY and LEVINE, JJ., concur.