MARIE B. PLANKERS v. ARNOLD F. PLANKERS.[1]

June 29, 1928.

No. 26,650.

**On appeal from conviction for contempt, trial court's decision of a fact issue is final.**

1. On appeal from a judgment of conviction for contempt of court, the evidence is *held* to present a fact issue with respect to which the decision below is final.

**Contempt of court is not a crime within § 9934 and punishment must be by fine or imprisonment in county jail.**

2. A contempt of court, while in general acceptation a criminal offense, is not a crime within G. S. 1923, § 9934, providing generally that wherever punishment for a crime may be imprisonment in a county jail the offender may be sentenced to a workhouse. Section 9802, providing specially that punishment for contempt must be by fine or imprisonment in a county jail, is controlling. Accordingly, the district court had no power to sentence appellant to imprisonment in a workhouse.

Contempt, 13 C. J. p. 93 n. 41.
Divorce, 19 C. J. p. 308 n. 36.

See 5 R. C. L. 526.

Defendant appealed from a judgment of the district court for Ramsey county, Bechhoefer, J. convicting him of contempt of court

[1]Reported in 220 N. W. 414.

and sentencing him to imprisonment in the St. Paul city workhouse.
Modified.

*George H. Gerlich* and *F. A. Pike,* for appellant.
*McMeekin, Quinn & Swan,* for respondent.

STONE, J.

Defendant appeals from a judgment convicting him of contempt
of court and sentencing him to imprisonment in the workhouse of
the city of St. Paul. The case has been here before, Plankers v.
Plankers, 173 Minn. 464, 217 N. W. 488, and for its history reference
should be made to that decision. It involved an order directing
defendant to pay $350 of alimony with respect to which he was
found to be in arrears at a hearing held September 13, 1927. It also
involved an order refusing to reduce the alimony for which defend-
ant was then liable. The attempted appeal from the former order
was dismissed, and the appeal from the latter order resulted in
an affirmance. So we start with an adjudication binding upon de-
fendant of his ability to pay and consequent liability for alimony
now in question. That determination was made as of September
13, 1927. Defendant's persistence into December of 1927 in his
refusal to pay has resulted in his present predicament. He makes
a strong showing of inability, but without stating the facts in any
detail we decline to reverse because after a full and fair hearing
the issue was decided against defendant.

1. Even applying the rule established when the case was last
here, that in determining the ability of a professional man to pay
alimony it is his net as distinguished from his gross income that
must be considered, we cannot disturb the decision under review.
Defendant's claim was that his income had during the determina-
tive time been greatly reduced. The evidence goes into the facts
with some detail, but it remains that there was a substantial net
income which was applied to other purposes, among them a sub-
stantial payment on the purchase of an automobile. We do not
suggest that an automobile may not be necessary to defendant in
the practice of his profession. Probably it is. But it remains that
we are not able to disturb the finding, implicitly a part of the

decision below, that the purchase of the machine in question was not necessary at the time it was made in view of the then outstanding liability for alimony. There were other circumstances to which we need not refer. Defendant would have stood in a more favorable light had he shown a willingness to make any payments—even for a reduced amount. He did not do so.

2. The assignment of error based upon the attempted imprisonment of defendant in the St. Paul city workhouse we consider well taken. That sort of punishment for contempt is attempted to be justified under G. S. 1923, § 9934, providing that "whenever a sentence may be imprisonment in a county jail, the offender may be sentenced to and imprisoned in a workhouse, if there be one in the county where he is tried or where the offense was committed." The trouble is that that section is part of the penal code, which has to do only with crimes and punishments therefor. Contempts of court, while in a general sense offenses of a criminal nature, are not crimes within the meaning of our penal code, but are dealt with in a separate chapter, now G. S. 1923, c. 91. Section 9802 provides that in case of conviction of contempt the punishment shall be by fine within the stated limit "or by imprisonment in the county jail for not more than six months, or by both."

In this state of our statutory law, it must be held that the particular provision of the chapter concerning contempts and limiting imprisonment therefor to confinement in a county jail is controlling and that the provision found in § 9934, a part of the penal code, providing for imprisonment in the workhouse, has no application. A similar question has arisen in other states. In re Fil Ki, 80 Cal. 201, 22 P. 146, holding that while a contempt is a quasi criminal offense against the court it is not a misdemeanor in the strict sense of the term; Hurley v. Commonwealth, 188 Mass. 443, 74 N. E. 677, 3 Ann. Cas. 757, holding that a criminal contempt of court could not be punished by imprisonment in a house of correction under a statute providing that "commitments for contempt of court may be made to any jail in the Commonwealth." The court said: "This is the only statute which deals directly with the subject (contempts), and we are of the opinion that it is exclusive of any other

general provision." In State ex rel. Hinrichs v. Lockwood, 155 Minn. 263, 193 N. W. 113, it seems to have been assumed that a contempt could be punished by a workhouse sentence. The question of the power to inflict such a punishment was not considered.

So far as it is a conviction for contempt, the judgment appealed from is affirmed. But so far as it sentences to imprisonment in the workhouse, it must be modified. The case is therefore remanded with instructions for a modification of the sentence in accordance with the controlling statute as above construed.

So ordered.