ELLA THERESA NEWELL v. FRANKLIN D. NEWELL.[1]

August 11, 1933.

No. 29,356.

*Stinchfield, Mackall, Crounse, McNally & Moore,* for appellant.
*Boutelle, Bowen & Flanagan,* for respondent.

*HOLT, Justice.*

The action is for a limited divorce. Shortly after its commencement plaintiff moved for temporary alimony, attorney's fees, and

[1]Reported in 250 N. W. 49.

suit money, and an order was made on February 4, 1932. The order provided that during the pendency of the action certain payments should be made to plaintiff for temporary alimony, suit money, and attorney's fees. It also contained a paragraph ordering the husband to pay upon the mortgage on his homestead and to pay the amounts called for in the contract for the purchase of the homestead. Defendant had bought, on contract, an expensive and encumbered home in the outskirts of Minneapolis. Plaintiff and the daughter were to remain in possession thereof during the pendency of the action. It was provided, however, that in case of the sale of the homestead the temporary alimony should be increased $50 per month. The particular part of the order which is important now is this (paragraph VII thereof):

"That until the final determination of this action, or until said sale of the homestead, defendant shall promptly pay all charges in connection with the purchase of said homestead; that he shall make all payments now required to be made by the contract for deed under which same is being purchased," and that he pay the interest and principal on the mortgage thereon and the taxes, insurance, and necessary repairs.

Judge Guilford, who made the order, realized that in the situation the parties were it was desirable to sell the homestead if possible. In the memorandum accompanying the order he says:

"It was not the intention of the court to direct that a sale of the homestead of the parties be made. There is considerable doubt as to the power of the court to direct such a sale in a suit for a limited divorce until the final decree is made. It was merely the intention of the court, in an advisory way, to suggest that a sale be made, in view of the fact that the expense of upkeep and for taxes, interest and payments on principal is very heavy, and also because of its use by only two persons. It was the thought of the court that the parties should unite in the sale of the premises for a fair price and that any proceeds of such sale should be accounted for at the time of the trial."

It appears that in the early summer of 1932 defendant was unable or unwilling to put more money into the homestead, and the holder of the title threatened to foreclose the contract. Plaintiff then brought proceedings to have defendant punished for contempt in not complying with the quoted part of the order of February 4, 1932. The matter came before Judge Hall, who made certain findings and upon such findings, by an order dated October 4, 1932, sentenced defendant to the county jail for 30 days for failure to make the payments ordered. This last order is based on the findings and orders of June 24 and July 1, 1932. The appeal is from the three last mentioned orders.

Plaintiff makes the point that the appeal was not timely as to the orders of June 24 and July 1. Technically that may be true, but the sentence was based upon the findings of the two previous orders, and so we think they are subject to attack on this appeal.

Defendant asserts that paragraph VII, the essential part of which is hereinbefore quoted, in Judge Guilford's order, exceeded the court's jurisdiction and, if so, cannot be enforced by contempt proceeding. Plaintiff answers by saying the order cannot now be questioned, it was not appealed, and is conclusive between the parties. It is true that error in the order cannot be reached on this appeal. But not every order or parts of orders made *pendente lite* in a divorce case are enforceable by contempt. There can be no question of the court's power or authority to force a husband in a divorce action to pay the wife alimony for her support pending the suit and necessary expenses to carry it on, including fees for her attorney. In this connection, of course, orders for the personal protection of the wife may be enforced as for contempt. We may also concede that the court has power to make such orders as may be necessary to prevent the husband from disposing of his property so as to destroy or injuriously affect the interest which the final decree may award the wife, and that it has authority to coerce compliance by imprisonment as for contempt. There is no difference between actions for absolute or for limited divorce as far as concerns the power of the court to grant and enforce the payment

of alimony, suit money, or attorney's fees. In Bensel v. Hall, 177 Minn. 178, 225 N. W. 104, alimony, and that includes alimony *pendente lite,* was held to be regarded as not a debt; hence its enforcement by contempt proceedings is not violative of the constitutional prohibition against imprisonment for debt. But the order here which defendant failed to obey relates solely to his debts and obligations to others. It requires him to pay a mortgage debt on his homestead and the instalments still unpaid upon the contract for its purchase. By conniving with the wife seeking a limited divorce a mortgagee of the husband's homestead or the vendor thereof could compel him to make the payments stipulated in the mortgage or contract for deed or suffer imprisonment for the debt, if perchance an order to that effect were made. From the entire order of Judge Guilford it clearly appears that as far as shelter may be included in alimony it was not intended that the homestead should be preserved for that purpose. On the contrary, the court advised the parties to sell it, and made provision for increased alimony in the event of a sale. We find no provision in the statute under which the court is authorized to enforce as for contempt compliance with paragraph VII of Judge Guilford's order. The only section of the divorce statute which names contempt in reference to property interests is 2 Mason Minn. St. 1927, § 8604, reading:

"In all cases when alimony or other allowance is ordered or decreed to the wife or children, the court may require sufficient security to be given by the husband for the payment thereof, according to the terms of the order or decree; and upon his neglect or refusal to give such security, or upon his failure to pay such alimony or allowance, the court may sequester his personal estate, and the rents and profits of his real estate, and may appoint a receiver thereof, and cause such personal estate, and the rents and profits of such real estate to be applied according to the terms of such order or decree. If the husband has an income from any source sufficient to enable him to pay such alimony or other allowance, and fails and refuses to pay the same, the court may order him to pay such alimony or allowance for the use of the wife or

the children, or both. And if any person or party shall disobey such order, he may be punished by the court as for contempt."

Assume, merely for the purposes of this decision, that this applies to temporary alimony and suit money as well as to permanent, it is clear that it does not give the court authority to compel him to pay the liens and encumbrances upon his property or to force him to continue to make payments upon contracts for the purchase of property, and punish him as for contempt if he fails to do so. Payments of money are allowed to the wife only on her application for temporary support. The court has no authority to require the husband to make payments to the husband's creditors. Blakely v. Blakely, 117 Minn. 482, 136 N. W. 3. Judge Guilford's order required defendant to account for the proceeds if the homestead was sold. It is clear from the record that had it been possible to sell his equity in the homestead the proceeds would have been small. And when the contempt hearing was had defendant testified it could not be sold at all. Furthermore, it appears that defendant owned stocks of considerable value. So that from that source proper permanent alimony could be awarded if plaintiff obtained a decree. It does not follow that because the court has made an order for temporary alimony and suit money, and therein included directions to make other payments not authorized by the divorce statutes, that such other payments can be enforced by contempt proceedings.

While Judge Hall was bound to consider the paragraph mentioned of Judge Guilford's order valid and binding, he had to determine whether defendant could be punished for contempt for failure to comply. In our opinion the divorce statutes do not authorize the court to punish as for contempt the failure of defendant to make the payments required by paragraph VII of Judge Guilford's order. He had made the monthly alimony payments specified in the order. He had paid the suit money and plaintiff's attorney's fees as directed by the order, and had complied with the order in every respect except as to paragraph VII therein. Defendant was of the opinion that because of his situation and the greatly reduced value of real

estate where the homestead was located it was a waste of money to place any more in the homestead; that his equity therein was then less than the amount he was required to pay. Judge Hall makes no finding that there was any equity of defendant worth saving in the homestead. The showing of defendant is conclusive that it would be a losing proposition for him to continue the payments thereon. This is a civil contempt to redress a damage to plaintiff. We see no way in which she could suffer damage through defendant's failure to comply with paragraph VII of the order of February 4, 1932. Even if there seemed to be an equity worth protecting or saving when that order was made, the showing is that by July 1 it had vanished. That being so, defendant was justified in refusing to continue to perform the contract for the purchase. But all that aside, the court, on plaintiff's application for temporary alimony, suit money, and attorney's fees, was not authorized under the law to order defendant to make payments upon the mortgage on his homestead or upon the contract for the purchase thereof, and the court exceeded its jurisdiction when it undertook to enforce such payments on the mortgage and contract by the proceedings in contempt. The following cases show that only payments ordered to be made to the wife as temporary alimony, suit money, and attorney's fees are enforceable by contempt proceedings. Bushman v. Bushman, 157 Md. 166, 145 A. 488; Bressette v. Bressette, 95 App. Div. 167, 88 N. Y. S. 580; Goldfish v. Goldfish, 193 App. Div. 686, 184 N. Y. S. 512 (the court saying that failure to pay a sum included in a divorce decree, but which sum was not alimony, did not expose defendant to punishment as for contempt); Weiss v. Weiss, 227 App. Div. 757, 237 N. Y. S. 56 ("the court was without power to enter a personal judgment against the defendant in this action directing the payment of alimony; that provision in the judgment is therefore void, and the defendant cannot be punished for contempt for failure to comply therewith").

The conclusion reached makes unnecessary any reference to other reasons urged for reversal.

The orders are reversed.