PHOEBE AKERSON v. ALFRED ANDERSON, ADMINISTRATOR, SUBSTITUTED FOR BROR AKERSON, DECEASED.[1]

March 25, 1938.

No. 31,535.

[1]Reported in 278 N. W. 577.

*Frederick J. Miller* and *Leonard L. Sumner,* for appellant.
*Austin L. Grimes,* for respondent.

PER CURIAM.

This is an appeal from an order denying defendant's motion, made in pursuance of 2 Mason Minn. St. 1927, § 9406, for an order requiring execution of a certificate of satisfaction of a judgment or directing a satisfaction to be entered without such certificate.

Phoebe Akerson was granted a divorce from Bror Akerson, May 27, 1914, and by the decree was awarded the custody of a minor child. Bror Akerson was required to make payments of $10 a month commencing June 1, 1914, and continuing each month until the minor child should reach the age of 18 years. The payments were made a specific lien upon certain real property belonging to Bror Akerson, but so far as this record shows no payments have been made for the period between the child's sixteenth and eighteenth birthdays. The minor child became 18 years of age on August 12, 1929.

It is the position of the appellant that the decree created an obligation on the part of Bror which could not be enforced more than six years after its maturity. Apparently it was the trial court's view that a lien existed for the payments due within ten years of the application. Both parties to this appeal take the position that a decree of this character is not subject to the limitations on a money judgment under the provisions of 2 Mason Minn. St. 1927, §§ 9400, 9416, and 9190, relating to the life of a lien so created. We need not here decide whether the ten-year limitation is applicable, but we do decide that the provisions of 2 Mason Minn. St. 1927, § 9191(1), are not applicable. It provides:

"The following actions shall be commenced within six years:

"1. Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed."

This provision relates to the commencement of actions and does not relate to the enforcement of liens such as the one here under consideration. A decree of divorce which awards alimony and im-

poses a lien on real estate is distinct in character from the ordinary judgment. In our opinion, it was not the intention of the legislature to subject it to the limitations prescribed for such judgments. Such decrees prescribe within themselves their own limitations and are at all times subject to modification by the court rendering them. Such being the case, the court below was right in denying the application.

Order affirmed.