ELIZABETH J. ZIEMAN v. KENNETH A. ZIEMAN.

121 N. W. (2d) 77.

April 5, 1963—No. 38,636.

*James Malcolm Williams,* for appellant.

*F. L. Palarine,* for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of the district court entered November 10, 1961.

The judgment to be reviewed awards plaintiff $8,165 for accrued alimony, support payments, and attorney's fees based on a divorce decree entered May 27, 1946, by the terms of which plaintiff was granted a divorce in default proceedings; given custody of the child of the parties born April 1, 1939, with an allowance of $35 per month for its support; and granted $15 per month as alimony, together with attorney's fees of $105. In addition, the judgment declares defendant to be in contempt for failure to make the payments when due and sentences him to 60 days in the county jail with execution stayed for 15 days "to give the defendant an opportunity to purge himself of said contempt by paying to the plaintiff within that period of time the sum of $1,500.00 and thereafter paying to the plaintiff the sum of $100.00 per month until said Judgment is fully paid, in addition to the $15.00 provided for in said divorce Decree." Defendant failed to make the payments so required. An order of the district court committing him to the custody of the sheriff of Ramsey County to serve the sentence imposed has been stayed pending determination of this appeal.

The judgment for $8,165 includes $5,880 on account of child support; $1,860 on account of alimony; $105 for attorney's fees in the original divorce action; and $300 as attorney's fees in the current proceedings.

The power of the district court to enforce its divorce decrees by citation for contempt, with payment the alternative to imprisonment, is fixed by Minn. St. 518.24, providing in part:

"* * * If the husband has an income from any source sufficient to

enable him to pay such alimony or other allowance, and fails and refuses to pay the same, the court may order him to pay such alimony or allowance for the use of the wife or the children, or both. If any person or party shall disobey such order, he may be punished by the court as for contempt."

■ In so far as the judgment here involved incorporates the delinquent child support and stays sentence upon condition that payment be made as specified, reversal is compelled by Lieder v. Straub, 230 Minn. 460, 42 N. W. (2d) 11, where it was held that the district court does not have jurisdiction to enforce by contempt proceedings the payment of delinquent support money where the child to have been supported has reached majority. Defendant's daughter became 21 on April 1, 1960. The proceedings to force payment were instituted July 21, 1961. It follows that the judgment as entered exceeded the court's authority.

■ Apart from the overdue child support, the record fails to sustain an essential finding to the effect that defendant was able to make the payments required by the judgment.[1] Although the burden of proving inability to comply was on defendant, and he, in his testimony, was neither as forthright or informative as he should have been under the circumstances,[2] the record as it now stands compels the conclusion that his resources do not permit payment of $1,500 in one installment and the balance in monthly payments of $100. Defendant does have an undefined equity in the house where he and his second wife and 9-year-old child by the later marriage reside, and a 1955 Chevrolet automobile. His take-home pay is $360 per month. His current debts exceed $2,000. The obligations assumed as a result of his present marriage should not relieve him of his duty to his first wife.[3] However, in this case extenuating circumstances are to be considered. The parties lived

---

[1] "* * * If the statute is to be construed as authorizing the imprisonment of a party neglecting or refusing to pay alimony which the court has ordered him to pay until he does pay, without reference to his power to comply with the order, it is unconstitutional." Hurd v. Hurd, 63 Minn. 443, 445, 65 N. W. 728, 729.

[2] Meisner v. Meisner, 220 Minn. 559, 20 N. W. (2d) 486.

[3] Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203.

together only about 4 months following their marriage in 1939. Plaintiff married a second and a third time following her divorce from defendant. Her present marital status is not disclosed with certainty by the record. The degree to which she received or is entitled to support from the other husbands does not appear. Fifteen years elapsed between the entry of the divorce decree and service of the moving papers which culminated in the judgment. During this period no payments were made. The delay is rationalized when plaintiff testifies that she was deterred from asserting her rights by fear of reprisal by defendant who, she claims, assaulted her on one occasion subsequent to the divorce. If satisfied that plaintiff was in fact threatened with physical violence when she insisted on payment as required by the divorce decree, the trial court could have considered punishing defendant for criminal contempt.[4] The judgment, as formulated, however, was designed to aid plaintiff in securing payment and, as such, must be tested by the rules that apply to civil contempt proceedings.[5] Apart from this, punishment for criminal contempt based on the theory that defendant so intimidated his wife

[4]Minn. St. 588.02, 588.10; Paulson v. Johnson, 214 Minn. 202, 7 N. W. (2d) 338. Cf. Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517; State ex rel. Nye v. District Court, 71 Minn. 383, 73 N. W. 1092.

[5]See, Swift & Co. v. United Packing House Workers, 228 Minn. 571, 37 N. W. (2d) 831; Clausen v. Clausen, 250 Minn. 293, 84 N. W. (2d) 675; Hasse v. Hasse, 232 Minn. 234, 45 N. W. (2d) 383; Laff v. Laff, 161 Minn. 122, 200 N. W. 936. Accord, In re Frisbie, 27 Ohio App. 290, 161 N. E. 346; Annotation, 53 A. L. R. (2d) 591. There is an important difference between civil and criminal contempt. The enforcement of the first is an aid to compel payment. The object of the other is to punish an individual because of his demonstrated disrespect for the court's orders. The imprisonment of one who cannot pay adds nothing to his ability to do so. Hence the rule that present capacity to conform to a payment order must be established to justify imprisonment for civil contempt. In determining whether a person should be punished for criminal contempt, the question is whether he had ability to conform to the order when he failed to do so. If so, punishment is warranted to the extent permitted by the statute for the past transgression, and his current resources are not necessarily material. See, In re Fanning, 40 Minn. 4, 41 N. W. 1076; Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517; Plankers v. Plankers, 175 Minn. 57, 220 N. W. 414. Cf. State ex rel. Hurd v. Willis, 61 Minn. 120, 63 N. W. 169.

as to interfere with the enforcement of the support and alimony provisions of the decree would be justified only if the court found as a fact that the threats, denied by defendant, were actually made with the effect claimed.[6]

■ The propriety of contempt proceedings to enforce payment of attorney fees allowed in cases of this type is well established,[7] but the amount involved on this account represents only 5 percent of the entire judgment and does not afford a basis for affirmance.

■ A motion by defendant seeking review and adjustment of the arrearages of support money and alimony was filed in the district court on January 31, 1962. Presumably, this motion has not been submitted to the trial court. Information relevant to the adjustment of the arrearages to an amount which defendant can and should pay must first be presented to and considered by the trial court.[8] Such information, in this case, should include exact details of his earnings and expenses since entry of the decree; his present net worth; the marital status, earning potential, and support requirements of plaintiff during the years that have intervened since the entry of the original decree; the diligence or lack of it which can be found in plaintiff's attempts to assert her right to payment; the extent to which her inaction caused defendant to assume his present obligations or may have been influenced by his wrongful conduct; the extent to which plaintiff cared for and supported the child involved or permitted others to assume this burden in whole or part. Its power to adjust the arrearages is clear.[9] Until its discretion has been exercised within the area outlined by the decisions of this

---

[6]See, Allen v. Village of Savage, 261 Minn. 334, 346, 112 N. W. (2d) 807, 815; accord, Watson v. Watson, 72 Utah 218, 269 P. 775.

[7]Sessions v. Sessions, 178 Minn. 75, 81, 226 N. W. 211, 701, 702; Newell v. Newell, 189 Minn. 501, 250 N. W. 49.

[8]Conklin v. Conklin, 223 Minn. 449, 27 N. W. (2d) 275, 6 A. L. R. (2d) 1274; Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925.

[9]See, Divorce—Alimony—Power of Court to Modify Accrued Installments, 20 Minn. L. Rev. 314.

court,[10] there is no occasion for determination of other questions raised by the appeal.

Reversed and remanded.

---

[10]Conklin v. Conklin, *supra*; Hartigan v. Hartigan, *supra*; Akerson v. Anderson, 202 Minn. 356, 278 N. W. 577; Hasse v. Hasse, *supra*; Haskell v. Haskell, 119 Minn. 484, 138 N. W. 787; Wilcox v. Wilcox, 222 Minn. 279, 24 N. W. (2d) 237; Boiteau v. Boiteau, 227 Minn. 26, 33 N. W. (2d) 703.