Joe Dan Eli SHOTWELL, Appellant,

v.

Cheryl Rey SHOTWELL, Appellee.

No. 52418.

Supreme Court of Oklahoma.

Dec. 4, 1979.

Elder, Mantooth & Haxel by John Mantooth, Purcell, for appellant.

Bill Pipkin, Moore, for appellee.

HODGES, Justice.

The only issue on appeal is whether a person who is ordered, pursuant to a divorce decree, to make monthly payments to the mortgagee as support alimony must continue to make the payments to the former spouse when the house is sold and the mortgage discharged.

The parties to this action were divorced on March 3, 1977. The appellant, Joe Dan Eli Shotwell, was required to make alimony payments in the amount of $5,400.00, payable at the rate of $150.00 monthly, directly to Cheryl Rey Shotwell, appellee, and payments of $140.00 monthly to the mortgagee for her house payments for a term of three years. The decree of divorce specifically provided that the payments were alimony for support and would terminate upon the death or remarriage of the wife.

After the January, 1978, payment was past due and delinquent, the wife sold the house. The husband did not make, nor never has made, the January, 1978, house payment, but he did make all payments through, and including, December, 1977. On February 3, 1978, the wife filed an application for a contempt citation. The husband answered and filed a motion to modify, asserting that because the house had been sold, the decree of divorce should be modified to absolve him of any requirement to make the house payments. The trial court found the appellant to be in contempt, and refused to modify the divorce decree.

I

The portion of the decree of divorce which constitutes the basis of the problem provided for the husband to assume the mortgage for three years as support alimony for the wife.[1] Payment of alimony to

---

1. The pertinent part of the decree provides: " * * * and a certain residence located at 629 S.W. 10th, Moore, Oklahoma, the legal discription of which is as follows:

Lot Seventeen (17), Block Three (3), KINGS MANOR FIRST ADDITION, to the City of Moore, County of Cleveland, State of Oklahoma, according to the recorded plat thereof,

third parties is not a common practice and is not generally recommended.[2]  Support alimony should be paid directly to the recipient.[3]  However, the wife is often awarded the household owned by the spouses jointly, and in some instances courts have required the husband to make alimony payments to the mortgagee to discharge a mortgage on realty awarded to the wife.[4]

It is asserted by the husband that he should be absolved from making further payments because the mortgage has been extinguished, and that the wife would be unjustly enriched if she is permitted to collect the mortgage payments and enjoy the income from the investment of the equity received from the sale of the house.  The wife contends that support alimony is terminable only upon death or remarriage, and that because neither of these happenings has occurred, the trial court was correct when it found that the monthly payments should have been made directly to the wife after the sale of the house.  We agree.

Title 12 O.S.Supp.1976 § 1289 provides that the obligation to pay alimony for support terminates on the death or remarriage of the recipient.  A judgment in a divorce decree may only be modified, set aside, or vacated pursuant to one of the provisions contained in 12 O.S.1971 § 1031, unless it is a void judgment.  Under the statute applicable at the time, where alimony was awarded, the trial court had no authority in a subsequent application to increase or diminish the amount of alimony awarded for support in the original judgment[5] where there had been no remarriage.

The primary purpose of alimony is to provide for the support and maintenance of the divorced party.[6]  The obvious intent of the decree was to provide living quarters for the wife and children.  The wife had to live somewhere, and because she chose to live in Texas in part to effectuate needed medical treatment, and to sell the Oklahoma property, she should not be deprived of financial support mandated by the decree.

AFFIRMED.

All the Justices concur.

which property is subject to a mortgage in favor of Chas. F. Curry & Co., with a present unpaid balance of approximately $15,000.00 which mortgage is to be assumed by the defendant herein for a period of three (3) years, beginning with the payment due on the 1st day of February, 1977, as and for support alimony for the plaintiff, and the plaintiff is to assume and pay the mortgage, without contribution whatsoever from the defendant, beginning with the payment due on the 1st day of February, 1980; * * *."

2.  See Annot., "Directing Payment of Alimony To Trustee," 170 A.L.R. 253 (1947).

3.  *Blakely v. Blakely, 117 Minn. 482, 136 N.W. 3 (1912).*

4.  *Treece v. Treece, 458 P.2d 633 (Okl.1969).* The West Virginia court held in *Kinsey v. Kinsey, 143 W.Va. 574, 103 S.E.2d 409 (1958),* that a decree could properly provide that a husband make monthly payments to the mortgagee as support alimony and in *Thomas v. Thomas, 518 P.2d 1294, 1297 (Okl.App.1974)* mortgage payments made by the husband were construed as property settlement.  See also *Arakaki v. Arakaki, 502 P.2d 380, 384 (Haw.1972)*; and *Bowman v. Bowman, 29 Cal.App.2d 808, 178 P.2d 751 (1947).*

5.  *Fischer v. Fischer, 558 P.2d 391 (Okl.1976); Canada v. Canada, 190 Okl. 203, 121 P.2d 989 (1942); Kunc v. Kunc, 186 Okl. 297, 97 P.2d 771 (1940).*  See Annot., "Divorce: Power of the Court to Modify Decree for Alimony or Support of Spouse Which Was Based on Agreement of Parties," 61 A.L.R.3d 520, 560 (1975); and Annot., "Power, in Absence of Reservation by Statute or Decree, to Modify Provision in Decree of Divorce or Separation as to Alimony or Separate Maintenance," 127 A.L.R. 741, 743 (1940).

6.  *Johnson v. Johnson, 460 P.2d 954, 956 (Okl. 1969).*