**In re the Marriage of Laureen ELLEF-SON, f.k.a. Laureen Anderson, petitioner, Respondent,**

v.

**Larry E. ANDERSON, Appellant.**

**No. C9–86–186.**

Court of Appeals of Minnesota.

July 29, 1986.

Patrick J. Leary, Marshall, for respondent.

Cecil E. Naatz, Marshall, for appellant.

Considered and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Larry Anderson appeals the trial court's order requiring him to pay $579.52 per month in child support. We reverse and remand.

## FACTS

Following a dissolution action in April 1981, the trial court granted custody of Jason to Laureen Ellefson (respondent) and custody of Pam and Craig to Larry Anderson (appellant). On August 16, 1985, the parties stipulated that custody of Pam and Craig would be granted to respondent. The issue of support was submitted to the court on written memoranda.

Respondent is remarried to Robert Ellefson, who is the father of three children who are in his custody. With respondent's three children, there are now six children in the home. Both she and her husband are employed by PPG Industries of Marshall, Minnesota. Each has an average weekly take-home pay of approximately $345.

Appellant is employed by Gellatin Equipment Co. of Belgrade, Montana. His monthly net take-home pay is $1,655.79. Appellant has remarried, and his spouse has custody of two minor children. They also have had another child, so the total number of children in their household is three.

The trial court did not know whether appellant's spouse had any separate income or whether she received child support for her two children. The court found that appellant's family monthly expenses were $1,888.75.

The trial court applied the child support guideline amount of $579.52 per month based on appellant's income.

## ISSUE

Did the trial court have sufficient financial information to apply the guidelines?

## ANALYSIS

Appellant argues that the trial court abused its discretion by mechanically applying the guidelines. Appellant argues that respondent's family income is adequate to support Jason, Craig and Pam, and that he cannot afford to support his present wife's two children and the child of his present marriage.

The statutory guidelines are not to be applied mechanically. *Linderman v. Linderman,* 364 N.W.2d 872, 875 (Minn.Ct. App.1985).

The trial court was not able to consider appellant's net income because it did not know whether appellant's spouse had any separate income or whether she received child support for her two children. Despite the fact that appellant's expenses outweighed his income, the full guideline amount was awarded without the information necessary to enable the trial court to make specific findings.

The supreme court addressed the guidelines in *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986). The court held that in all child support cases not involving public assistance, the trial court must make specific findings as to the factors it considered in formulating the award. *Id.* at 863. This rule applies regardless of whether the award deviates from the child support guidelines. *Id.*

The findings should take into account all relevant factors, including:

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his education needs; and

(e) The financial resources and needs of the noncustodial parent.

*Id.* at 863–64 (citing Minn. Stat. § 518.17, subd. 4 (1984)).

■ Obligations assumed as a result of a second marriage do not relieve the obligor of his duty to his first wife and their children, although extenuating circumstances may be considered. *Zieman v. Zieman,* 265 Minn. 190, 192, 121 N.W.2d 77, 79–80 (1963) (citations omitted). Also, although children of a subsequent marriage are relevant to the court's decision, they are not to be factored into the guide-lines. *Erickson v. Erickson,* 385 N.W.2d 301, 304 (Minn.1986).

■ Here, the court mentioned the expenses and incomes of both parties, but did not know if appellant's spouse was working. Yet, it awarded the full support guideline amount, without specifically discussing how the father could meet his own expenses while paying that award. Unfortunately, the trial court did not balance the needs and expenses of both parties before making the award. *See Bjorke v. Bjorke,* 354 N.W.2d 107, 110 (Minn.Ct.App.1984). Moreover, the court did not make specific findings about the noncustodial parent required by *Moylan* prior to making its support award.

## DECISION

This case is remanded for more detailed findings under *Moylan*.