**In re the Marriage of Charles W. FROATS, Jr., petitioner, Appellant,**

v.

**Michael O. FROATS, Respondent.**

**No. C7–87–1427.**

Court of Appeals of Minnesota.

Nov. 24, 1987.

James J. Boyd, St. Paul, for appellant.

Bruce D. Kennedy, St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN *, JJ.

## OPINION

A. PAUL LOMMEN, Acting Judge.

Appeal arises from a dissolution of marriage and order for child support entered in 1975. Specifically, this appeal is from an order of June 12, 1987 sustaining and af-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

firming an order enforcing a judgment against appellant dated January 22, 1975.

## FACTS

On January 22, 1975, a judgment and decree was entered dissolving the marriage of appellant Charles W. Froats, Jr. and respondent Michael O. Froats. The Froats were married September 17, 1971. They have one child, Michael O'Connell Froats, born October 18, 1972.

Under paragraph 9 of the judgment and decree, respondent was awarded judgment against appellant in the sum of $4000, representing child support arrearages.

In the fall of 1986, the trial court ordered enforcement of the 1975 judgment. This order was confirmed June 4, 1987. It is confirmation of this order which is appealed.

## ISSUES

1. Does paragraph 9 of the judgment and decree dated January 22, 1975 toll the statutory limitation on judgments provided in Minn.Stat. § 541.04?

2. Is respondent barred by the doctrine of laches in pursuing satisfaction of the 1975 judgment?

## ANALYSIS

1. Essential facts in this matter are not disputed. What is at issue is the interpretation of paragraph 9 in the judgment and decree entered January 22, 1975.

Defendant is awarded judgment against plaintiff in the sum of $4,000.00 representing child support arrearages to date. Plaintiff shall use all income in excess of his said $600.00 net income per month to apply towards the payment of said $4,000.00. In addition, the plaintiff shall annually provide copies of his federal and state income tax returns to the defendant. *In the event that said $4,000.00 judgment is not satisfied within 5 years from the date of this Decree to be entered, then the defendant may proceed to satisfy said judg-*

*ment without any further notice whatsoever to plaintiff.*

Judgment and decree (emphasis added).

Appellant maintains since ten years have passed since the judgment was entered, it is barred by the statutory limitation of actions contained in Minn.Stat. § 541.04. Appellant further argues the language of paragraph 9 "only contemplates the notice required to be given to the Appellant to collect on the Judgment."

The trial court and referee concluded paragraph 9 gave appellant a five year grace period in which to voluntarily pay his arrearages. The five year grace period, viewed as a contingency, would act to toll the statute of limitations. *Grothe v. Shaffer*, 305 Minn. 17, 232 N.W.2d 227 (1975) (citing *Bachertz v. Hayes–Lucas Lumber Co.*, 201 Minn. 171, 275 N.W. 694 (1937)).

Clearly the judgment and decree established respondent's right to child support arrearages. The *Grothe* court stated:

When a right is dependent on a contingency, the cause of action accrues and the statute begins to run on the date of the happening of the contingency.

*Id.* 232 N.W.2d at 233. Therefore, respondent's right to pursue satisfaction of the judgment did not accrue until five years after judgment was entered (January 1980).

In *Wakefield v. Brown* the Minnesota Supreme Court held time which a judgment creditor was enjoined from enforcing a judgment is excluded from computation of time allowed by statute. *Wakefield*, 38 Minn. 361, 37 N.W. 788 (1888). Furthermore, the Minnesota Supreme Court has stated:

Whenever a person is prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not counted against him in determining whether the statute of limitation has barred his right, even though the statute makes no specific exception in his favor * * *.

*St. Paul, Minneapolis & Manitoba Railway Co. v. Clement Olson*, 87 Minn. 117, 91 N.W. 294 (1902).

A judgment and decree constitutes a "paramount authority."

Appellant argues courts are without power to extend or modify a statute of limitation. However, in discussing the character of a divorce decree, the Minnesota Supreme Court stated:

> In our opinion, it was not the intention of the legislature to subject [the decree] to the limitations prescribed for such judgments. Such decrees prescribe within themselves their own limitations and are at all times subject to modification by the court rendering them.

*Akerson v. Anderson*, 202 Minn. 356, 278 N.W. 577 (1938).

2. Appellant argues respondent is barred by the doctrine of laches from enforcement of the judgment dated January 22, 1975.

Again, using the analysis of the trial court and referee in determining paragraph 9 as a contingency, respondent could not have pursued satisfaction of the judgment until January 1980.

■ Even if the doctrine of laches would be considered by this court, respondent correctly points out appellant's lack of cooperation as revealed in the procedural history of this matter. Appellant's lack of cooperation over the years would fall within the equitable "unclean hands" doctrine for "he who seeks equity must do equity."

## DECISION

The trial court's order confirming the 1975 judgment against appellant is affirmed.

Affirmed.