STATE OF MINNESOTA ex rel. W. D. RUSSELL v. FRANK IVES, District Judge.[1]

STATE OF MINNESOTA ex rel. HUGH QUIGLEY v. SAME.

April 19, 1895.

Nos. 9340, 9347.

**Constructive Contempt—Right to Trial—Evidence.**

G. S. 1894, §§ 6157, 6158, 6165, 6166, construed, and *held*:

1. That a party proceeded against for a constructive contempt of court—that is, one not committed in the immediate presence of the court—is entitled, as a matter of legal right, to a hearing upon the charge, and to have his witnesses examined in his defense.

2. That in such proceeding the court cannot convict the accused upon facts within his own knowledge. His guilt must be established on the hearing by competent evidence, and the affidavit upon which the warrant for his arrest was issued is not such evidence.

**Conviction not Sustained.**

*Held*, that the conviction of the relators is not supported by any competent evidence.

Certiorari. W. D. Russell and Hugh Quigley were each adjudged by the district court for Polk county, Ives, J., guilty of contempt of court, without the introduction of any evidence to support the charges against them. Judgment in each case reversed.

*R. J. Montague* and *De Forest Bucklen,* for relator Russell.

*Edward George,* for relator Quigley.

*H. W. Childs* and *Geo. B. Edgerton,* for respondent.

[1] Reported in 62 N. W. 831.

START, C. J. The relators in these cases, on January 30, 1895, were arrested by virtue of a warrant issued for that purpose, and brought before the district court, in and for the county of Polk, to show cause why they should not be punished for an alleged contempt of court and such proceedings were then and subsequently had and taken in such matter that each of them was convicted of the charge. The relator Russell was thereupon adjudged to pay a fine of $250, and be imprisoned in the county jail 30 days, and a fine of $100 was imposed upon the relator Quigley. Upon the application of each of them, writs of certiorari issued out of this court to bring up the record in such contempt proceedings for review.

We shall not discuss the merits of these cases, for the reason that it is manifest, from an inspection of the record, that the district court made an error in the procedure which renders the conviction of the relators void. It is conclusively settled that courts of record have an inherent power to punish contempts, for such power is essential to their very existence. The statute (G. S. 1894, c. 87) recognizes this power, but imposes certain limitations upon the manner of its exercise. It also recognizes the usual classification of contempts, as direct and constructive, or consequential. Direct contempts are those committed in the immediate view and presence of the court. They are punishable summarily by order of the presiding judge, who takes judicial notice of such contempts, acts upon his own motion, and upon facts within his own knowledge, based upon the words or acts of the accused, or both, said or done in his presence or hearing. No formal trial is necessary. The court simply makes an order without proof, reciting what occurred in its presence or hearing, adjudging the person proceeded against guilty, and fixing his punishment. G. S. 1894, § 6157. This is an arbitrary power, born of necessity, which must be exercised with great prudence and always limited to cases of direct contempts. Constructive contempts are those which are not committed within the immediate presence of the court, but arise from matters not transpiring in court, but at a distance, of which it has no knowledge except as informed by others, while constructive contempts are punishable equally with those which are direct, yet the procedure in the two cases is radically different. They cannot be punished summarily, but the court must be informed of the facts constituting the al-

leged contempt by affidavit or other evidence. Thereupon it must cite the party to appear by order to show cause, or issue its warrant to bring him before the court to answer the charge. This affidavit or evidence, which must be presented to the court in the first instance, is for the sole purpose of procuring such order or warrant. G. S. 1894, §§ 6157, 6158. When the accused is brought before the court, or appears in response to the order, the court proceeds to hear the case without a jury. In doing so it cannot act upon facts within its own knowledge, or information obtained outside of the orderly course of the trial, or upon the affidavit upon which the warrant issued, for it is not competent evidence against the accused upon his trial. It must proceed to investigate the charge by examining him, and the witnesses for and against him, and upon the evidence so taken the court must determine whether the person proceeded against is guilty of the contempt charged. G. S. 1894, §§ 6165, 6166.

Now, assuming, without so deciding, that the affidavits upon which the warrant issued against the relators stated facts, if true, constituting a contempt of court, it was only a "constructive" one, as we have defined the term, and they were legally entitled to a trial and hearing in accordance with the procedure prescribed by statute in such cases. It is apparent from the record that the district court did not accord to the relators such a trial and hearing, but treated the case as if it was one of direct contempt, and adjudged each of them guilty without any competent evidence before it to support such conviction. It erroneously based its action in the premises upon matters within its own knowledge and the affidavits upon which the warrant issued.

The judgment in each case must be reversed. So ordered.