STATE OF MINNESOTA ex rel. ROBERT E. FISCHER v. DISTRICT COURT OF HENNEPIN COUNTY.[1]

June 16, 1896.

Nos. 10,169—(327).

### Constructive Contempt—Evidence.

*Held* that, in cases of constructive contempt, if the affidavit or evidence presented to the court as a basis for proceedings in contempt does not state facts which, if true, would in law constitute a contempt of court, a conviction therefor cannot be sustained; also, that, in cases of strictly criminal contempts, the rules of evidence and the presumptions of law applied in criminal cases should be observed.

### Same—Conviction Sustained.

*Held*, further, that the affidavit in this case was sufficient, and that the relator's conviction is sustained by the evidence.

[1] Reported in 67 N. W. 796.

Certiorari to review a judgment of the district court for Hennepin county adjudging relator guilty of criminal contempt, entered after hearing before Elliott, J. Affirmed.

*Merrick & Merrick*, for relator.

PER CURIAM. The relator was convicted of a criminal contempt, not committed in the presence of the court, by the judgment of the district court of Hennepin county, and committed to jail for 60 days. The alleged act constituting the contempt was approaching and attempting to influence a juror in reference to his verdict in a cause then on trial. The case comes here on certiorari, and two errors are assigned:

1. That the affidavit which is the basis of the contempt proceedings is defective in substance, in that the facts stated, if true, do not constitute, in law, a contempt of court, for the reason that it is not directly charged therein that the relator knew that the person approached was a juror in the case. It is true, as claimed by relator, that, in cases of constructive contempts, an affidavit or other evidence must be presented to the court or officer of the facts constituting the alleged contempt, and if the facts, as presented to the court by affidavit or other evidence, do not, in law, constitute a contempt, a conviction therefor cannot be sustained. But the affidavit need not be in any particular form, or as certain and direct in its allegations of the ultimate facts constituting the contempt, as is required in an indictment. It is sufficient if the affidavit states only evidentiary facts, from which the ultimate facts constituting the contempt must necessarily be inferred. Such method of stating the facts constituting the contempt is not to be commended. Tested by the rule we have stated, we are of the opinion that the affidavit was sufficient. It appears, from the record, that the relator was represented by counsel on the hearing, and that no objections were made as to the sufficiency of the affidavit; and, after judgment, it will be held sufficient, unless it is so defective in its statement of facts as to be equivalent to the absence of an affidavit. Such is not this case; for, from the facts stated in the affidavit, it may fairly be inferred that the relator knew that the person approached was a juror, and that he was charged with attempting to improperly influence him.

2. The second alleged error is that the evidence is not sufficient

to warrant relator's conviction, and that the court acted upon facts within its personal knowledge. In cases of strictly criminal contempts, the rules of evidence and the presumptions of law applied in criminal cases should be observed. Rapalje, Contempt, § 126. The evidence, tested by this rule, is sufficient to sustain the conviction of the relator. The admissions of the relator in his own testimony, and the facts and circumstances testified to by the juror, leave no reasonable doubt of the fact that the relator knew that the party approached was a juror, and that he attempted to improperly influence him in the giving of his verdict. The record does not show that the trial court found the relator guilty on facts not in evidence, but within its personal knowledge.

Judgment affirmed.