STATE ex rel. HENRY HOLLAND v. ANTON MIESEN.[1]

May 1, 1906, August 3, 1906.

Nos. 14,862—(209).

**Constructive Contempt.**

The power of a court to punish for a constructive contempt is limited by R. L. 1905, § 4640, to a fine not exceeding $50 unless it expressly appears that the right of a party to an action or special proceeding was defeated or prejudiced thereby.

**Habeas Corpus.**

In habeas corpus proceedings, where the judgment by virtue of which the petitioner is held is unauthorized, but his conviction is valid, he will be freed from detention under the judgment and remanded to the proper court or officer for further proceedings according to law.

Writ of habeas corpus issued from the supreme court upon the relation of Henry Holland, directed to respondent as sheriff of Ramsey county. Relator remanded to custody of the district court.

*Sheehan & Keefe* and *Ayers & McDonald,* for relator.

*Thomas R. Kane* and *O. H. O'Neill,* for respondent.

On May 1, 1906, the following opinion was filed:

PER CURIAM.

The relator was brought before this court by virtue of a writ of habeas corpus. The matter was heard upon the petition and writ and the respondent's return thereto; it being conceded for the purposes of the hearing that the allegations of fact in the petition are true. A prompt decision necessitates the postponement to a later date of the filing of a formal opinion herein. At this time we simply announce our conclusion, which is that the judgment and commitment by virtue of which the respondent, as sheriff, justifies his detention of the relator, are void for the reason that the district court had no jurisdiction to sentence the relator to imprisonment, except for the purpose

---

[1] Reported in 106 N. W. 1134; 108 N. W. 513.

of enforcing the payment of a fine, as punishment for the contempt of which he was found guilty.

Therefore it is ordered that the relator be, and he is hereby, discharged from imprisonment under such judgment and commitment; but ordered, further, that the respondent, as sheriff, without unnecessary delay deliver the relator into the custody of the district court of the county of Ramsey, to the end that he may be resentenced by such court upon its finding that he was guilty of the contempt charged against him. Let a certified copy of this order be filed in the office of the clerk of such court.

On August 3, 1906, the following opinion was filed:

START, C. J.

The relator on April 20, 1906, was duly convicted—that is, found guilty—of constructive contempt of court in the district court of the county of Ramsey, and as punishment therefor he was by the judgment of the court sentenced to imprisonment in the county jail for the period of five months. A commitment to carry the judgment into execution was issued and delivered to the respondent as sheriff of such county. Thereupon the relator sued out a writ of habeas corpus, and the matter was heard here upon the concession that the allegations of fact in the petition were true. See preceding opinion. The record shows that the relator was convicted of constructive contempt, in that he attempted to influence the action of a juror in a pending case by bribery. On its merits the justice of the judgment cannot be questioned, for the relator's offense was flagitious. The question here, however, is whether the judgment is not void, as claimed by the relator, for the reason that the court had no jurisdiction to sentence the relator to imprisonment, except for the purpose of enforcing the payment of a fine, as punishment for the particular contempt of which he was found guilty.

While the legislature cannot take away from courts created by the constitution the inherent right to punish contempts yet it may regulate, within reasonable limits, the exercise of the power. Accordingly the legislature in 1851 enacted a statute as to the punishment of contempts in which a distinction was made between contempts occurring in the immediate view and presence of the court and those not com-

mitted in the presence of the court. R. S. 1851, c. 92, § 1. Section 1 was divided into twelve subdivisions. The first and second related to contempts committed in the presence of the court (that is, direct contempts), while the remaining subdivisions related to contempts not committed in the presence of the court (that is, constructive contempts). State v. Ives, 60 Minn. 478, 62 N. W. 831. Section 2 limited the power of the courts to punish for constructive contempts in these words:

> "Every court of justice and every judicial officer, has power to punish contempts, by fines or imprisonment or both; but when the contempt is *not* one of those mentioned in the first or second subdivisions of the last section, it must appear that the right or remedy of a party to an action or special proceeding, was defeated or prejudiced thereby before the contempt can be punished by imprisonment or by a fine exceeding fifty dollars."

This section 2, exactly as we have quoted it, was reported by the commissioners and continued in the Revision of 1866. The word "not" therein, which we have italicized, was by a mistake in printing omitted from the printed and published edition of the General Statutes of 1866. This appears from the enrolled General Statutes of 1866 on file in the office of the Secretary of State. G. S. 1866, c. 87, § 2; G. S. 1894, § 6156. This mistake led to some confusion in practice, but it was corrected in R. L. 1905, § 4640. No change, however, has been made in the law; for the limitation on the power of the court to punish for contempts not committed in its immediate presence (constructive contempts) is the same that it was in 1851, and ever since has been.

The power of the court to punish for constructive contempts is limited to a fine not exceeding $50, unless it expressly appears that the right or remedy of a party to an action or special proceeding was defeated or prejudiced thereby. In the case at bar the record does not show that the right or the remedy of any party was defeated or prejudiced by the contempt in question. It follows that the court had no jurisdiction to award judgment punishing the relator by imprisonment in-

stead of a fine. The judgment, then, is void, and the detention of the relator in the county jail by virtue thereof unlawful.

However it does not follow that the relator is entitled to be absolutely discharged. Where, as in this case, the judgment by virtue of which the petitioner is detained is unauthorized, but his conviction is valid, he will be freed from detention under the judgment and remanded to the proper court or officer for further proceedings according to law. R. L. 1905, § 4588; In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149; In re Harris, 68 Vt. 243, 35 Atl. 55; 15 Am. & Eng. Enc. (2d Ed.) 211.

So ordered in this case.