STATE ex rel. ROBERT M. WORKS v. OTTO S. LANGUM and Another.[1]

April 24, 1914.

Nos. 18,783—(15).

**Municipal court — contempt sentence.**
    1. The maximum sentence that may be imposed for the offense of a direct contempt of court by the municipal court of the city of Minneapolis is a fine of $20 or two days' imprisonment in the county jail.

**Habeas corpus — excessive sentence — procedure.**
    2. In a *habeas corpus* proceeding where the respondent justifies the detention of the relator upon a commitment showing a valid conviction, but an unauthorized sentence, it is proper, in releasing him from detention under the commitment, to remand him to the proper court for further proceedings.

Upon the relation of Robert M. Works, the district court for Hennepin county granted him a writ of *habeas corpus,* directed to Otto S. Langum, as sheriff, and Nels Clausen, as county jailer, of that county. Return was made that the relator was placed in custody of

_____

[1] Reported in 146 N. W. 1102.

Note.—As to discharge on *habeas corpus* for excessive sentence, see note in 45 L.R.A. 144.

respondents by virtue of a commitment issued out of the municipal court of Minneapolis, wherein it appeared relator was duly adjudged guilty of contempt of court in declaring in open court in the presence and hearing of the judge presiding therein and the jury attending on said court: "Judge, hereafter when any case of mine is assigned to you, I am going to file an affidavit of prejudice. I never heard such rulings in my life," and sentenced to pay a fine of $50 and in default of payment to be imprisoned in the common jail for the term of five days. The matter was heard by Booth, J., who found that the commitment was in all things fair upon its face and in accordance with law, but that the municipal court had no jurisdiction to impose a penalty exceeding a fine of $20, and in default thereof imprisonment not to exceed two days, and freeing relator from detention, but directing delivery of the prisoner forthwith to the municipal court for further proceedings. From that order, both parties appealed. Affirmed on both appeals.

*John F. Bernhagen* and *Victor M. Petersen,* for relator.
*James Robertson,* County Attorney, for respondents.

HOLT, J.

The order made by the district court in a *habeas corpus* proceeding is attacked upon this appeal by each of the two parties concerned. The relator, an attorney engaged in the trial of an action before Hon. C. L. Smith, a judge of the municipal court of the city of Minneapolis, felt impelled by a ruling then made by the court to use language concerning the court's action not appropriate to the occasion on the part of an attorney, even when smarting under defeat. The court promptly called him to account, adjudged him guilty of contempt of court and imposed a sentence of $50, or five days' confinement in county jail in default of payment. The fine was not paid, and when the sheriff, the respondent, apprehended the relator under a commitment duly issued upon the judgment, the latter petitioned the district court for a writ of *habeas corpus*. Upon the hearing the court was of the opinion that the punishment imposed was beyond the power of the municipal court to inflict, and ordered relator freed from detention under the commitment, but directed

respondent to deliver the prisoner forthwith to the municipal court for further proceedings according to law.

On this appeal we are not permitted to consider the merits of the conviction. The commitment, though faulty and technically defective, states sufficient to show that relator was duly adjudged guilty of a direct contempt of court, an offense within the jurisdiction of the municipal court to deal with, and the only question before us relates to the sentence. If that is within the power of the court to impose, the order of the district court should be reversed on the respondent's appeal. If the sentence was excessive, the question will be as to the propriety of remanding relator to the municipal court.

Respondent contends that the municipal court of Minneapolis has full authority to punish for contempt of court under chapter 91, G. S. 1913, at least to the extent of its criminal jurisdiction of $100 fine or a 90-day jail sentence. Relator cites State v. McDonough, 117 Minn. 173, 134 N. W. 509, as conclusive that the sentence imposed upon him was beyond the power of the court to pronounce. This is not strictly so, for in that case counsel conceded that the municipal court there concerned was governed by chapter 229, p. 589, Laws 1895, which expressly provides (section 38) that the laws relating to contempt proceedings before justices of the peace apply to courts organized or brought under that act. In the law creating and defining the jurisdiction and powers of the municipal court of Minneapolis, no mention is made of contempts of court. But that does not signify, since it is well settled that every court has inherent power to protect itself and its authority against direct contempts. State v. Ives, 60 Minn. 478, 62 N. W. 831. The only question is whether under our statutes a limit to the punishment of contempts of court has been fixed. The definition of direct contempts in whatever court occurring seems now contained in chapter 91, G. S. 1913. Previous to the Revised Laws of 1905, the definition of contempts cognizable by a justice of the peace was in a separate chapter, section 5082, G. S. 1894. But we still find the limitation upon the punishment for direct contempt in two places, one applicable to contempts before justices of the peace, section 7615, G. S. 1913; and the other unquestionably applicable to courts of general jurisdiction, section 8363. Under

which limitation does the municipal court of Minneapolis come? For it cannot well be maintained that the legislature which was careful to circumscribe the power of justices of the peace and judges of the district court was satisfied to have the judges of the municipal court of Minneapolis, and of other municipal courts, without restriction except such as may be implied from the limitation of their general criminal jurisdiction. It is quite apparent that the limitation in chapter 91, G. S. 1913, cannot embrace municipal courts, for the penalty is much beyond their criminal jurisdiction. Direct contempts of court are recognized as criminal offenses. State v. Leftwich, 41 Minn. 42, 42 N. W. 598; State v. District Court of Hennepin County, 65 Minn. 146, 67 N. W. 796. The criminal jurisdiction of the municipal court of Minneapolis extends only to matters which, before the creation of the court, were cognizable before a justice of the peace. State v. West, 42 Minn. 147, 43 N. W. 845. The penalty prescribed for offenses cognizable before a justice of the peace should therefore apply to the same offenses dealt with in a municipal court of equal criminal jurisdiction unless otherwise provided, as for instance in the case of contumacy on the part of a juror (section 13 of Municipal Court Act, p. 138 of Minneapolis Charter 1905). If the maximum penalty fixed for direct contempts in a court of the justice of the peace is not adequate to vindicate the authority and dignity of a municipal court having the same criminal jurisdiction, the remedy is with the legislature.

The order directing respondent to deliver relator forthwith to the municipal court was proper, since the commitment showed on its face a valid conviction, and the error in the sentence was still subject to correction by the court pronouncing it. The district court followed the practice adopted in State v. Miesen, 98 Minn. 19, 106 N. W. 1134, 108 N. W. 513. The instant case is not ruled by such cases as State v. West, supra; State v. Anderson, 47 Minn. 270, 50 N. W. 226, and others, where the court was without jurisdiction of the offense charged.

The order is affirmed on both appeals.