## STATE EX REL. E. E. SANDQUIST v. DISTRICT COURT OF BLUE EARTH COUNTY.[1]

December 19, 1919.

No. 21,552.

**Constructive criminal contempt — bribing witness to leave the state.**

1. A proceeding instituted to punish the defendant in a criminal case for contempt of court committed by him in attempting to induce the complaining witness against him to leave the state and not appear before the grand jury, is one involving a constructive criminal contempt.

**Criminal contempt — defendant cannot be called as witness for cross-examination.**

2. The rules of evidence applied in criminal cases should be observed at the hearing in a proceeding in which a person is accused of a criminal contempt, and he cannot be called as a witness for cross-examination under either section 8362 or 8377, G. S. 1913, and compelled to testify against himself.

[1]Reported in 175 N. W. 908.

**Same — constitutional immunities.**

3. The immunity conferred upon defendants in criminal cases by section 7, article 1, of the state Constitution, and by the Fifth Amendment to the Constitution of the United States, extends to prosecutions for criminal contempts.

Upon the relation of E. E. Sandquist the supreme court granted its writ of certiorari directed to the district court for Blue Earth county to review the proceedings in that court, Comstock, J., convicting relator of contempt of court. Reversed.

*Regan & Grogan,* for relator.

*Clifford L. Hilton,* Attorney General, and *C. E. Phillips,* County Attorney, for respondent.

LEES, C.

Relator was convicted of a contempt of court not committed in the presence of the court, fined $50 and committed to jail for 30 days in default of the payment of the fine.

The case is brought here by writ of certiorari. The court permitted the state to call the relator for cross-examination under the statute and to examine him as a witness against himself. This is assigned as error, and we are of the opinion that it was and that there must be a reversal on this ground.

Relator was arrested on the complaint of the mother of a girl 17 years old, charging him with the crime of having carnal knowledge of her daughter. A preliminary hearing was had in the municipal court of Mankato, and relator was committed for trial in the district court of Blue Earth county. The mother and daughter were notified by the county attorney that they would be required as witnesses before the grand jury and were requested not to leave the state. Later on, A. H. Lillygren and Lydia Franklin interviewed the mother and daughter and endeavored to persuade them to drop the criminal prosecution against relator, informing them that, if they would do so, he would furnish them with railroad tickets for their return to their former home in Mississippi and pay them $200. Lillygren produced a typewritten document previously prepared and asked the daughter to sign it, and she did so. It contained a state-

ment that the testimony she had given against relator at the preliminary hearing was not true.

These facts were set forth in the affidavit of the county attorney of Blue Earth county, on which the district court of that county ordered relator and Lillygren and Mrs. Franklin to show cause why each of them should not be adjudged guilty of contempt of court. The sheriff brought them before the court where they were represented by counsel, who contended that they were charged with a criminal contempt and that the state had the burden of proving their guilt. The court ruled that it was incumbent upon the accused to purge themselves of contempt and, in response to an inquiry made by counsel, said: "This court finds a justification in the moving papers for the citation and, in the absence of any proof to the contrary, shall find them guilty of the contempt of process of the law." The accused then offered their own affidavits in evidence, whereupon the following colloquy occurred between the court and counsel:

Court. Have the respondents anything further to offer?

Mr. Regan. We would like to have the examination of the complaining witnesses in the case.

Court. I do not understand your suggestion. What have they to offer?

Mr. Regan. We are asking for the state to produce whatever testimony they have got and if it is necessary then we have testimony to submit to the court on this matter.

Court. Call respondents for cross-examination, Mr. Phillips.

The county attorney then called each of the respondents for cross-examination under the statute. When Lillygren was called, this occurred:

Mr. Regan. We, at this time, wish to claim our proper exemption under the statute and object to this witness being compelled to testify against himself.

Court. A while ago you were invoking the statute that you argued required the court to examine these parties, and you asked for an examination of these parties.

Mr. Regan. That is true, your honor, * * * that is the reason I say we have a right to hear any testimony that is against us before we are compelled ourselves to take the stand in our own behalf. The defendant cannot be presumed, in any case, of being guilty, and compelled to prove himself innocent.

Court. The fault, Mr. Regan, is that your mind is running along the lines of criminal contempt and within the rules of trial. These parties are not charged with criminal contempt. This is not a trial. This is a summary proceeding, in which the court is bound, under the statute, to examine the parties, and this examination is being conducted along the lines called for in that procedure.

Mr. Regan. Exception.

Relator was next called for cross-examination under the statute. His counsel objected to any testimony being taken relating to the case in which he had been bound over to the grand jury. The court ruled that his testimony relating to matters then under inquiry might properly be taken, and he was then subjected to an extended cross-examination touching his connection with the contempt of court with which he was charged.

We are of the opinion that the proceeding was one in which the accused were charged with a constructive criminal contempt. Assuming that the affidavit upon which the proceeding was based sufficiently charged relator with acts constituting a contempt of court, such acts did not consist in a failure to do something ordered by the court to be done for the benefit of a party to an action, but were directed against the dignity and authority of the court. Under our decisions acts of such a character constitute a criminal contempt. State v. Ives, 60 Minn. 478, 62 N. W. 831; State v. District Court of Hennepin County, 65 Minn. 146, 67 N. W. 796; State v. District Court of Hennepin County, 71 Minn. 383, 73 N. W. 1092; State v. Smith, 116 Minn. 228, 133 N. W. 614; Red River P. G. Assn. v. Bernardy, 128 Minn. 153, 150 N. W. 383; State v. Searles, 141 Minn. 267, 170 N. W. 198. A proceeding for the punishment of such a contempt is in its nature a criminal proceeding, and should conform substantially to proceedings in criminal cases. State v. District Court of Hennepin County, supra; Red River P. G. Assn. v. Bernardy, supra.

Section 8362, G. S. 1913, provides that, when the accused has been brought into court, the court shall investigate the charge by examining him and the witnesses for and against him. The language of the statute and the reference to it in State v. Ives, supra, naturally led the trial judge to conclude that relator might be called for cross-examination as a witness against himself. But the constitutional guaranty, state and national, that no person shall be compelled, in any criminal case, to be a

witness against himself, forbade the calling of relator by the state as a witness for cross-examination under either section 8362 or 8377, G. S. 1913. The courts have always jealously guarded this guaranty of the bill of rights, and these provisions of the statute are not to be construed as taking away or impairing a right secured to all persons by section 7, article 1, Minnesota Constitution and the Fifth Amendment to the Constitution of the United States. State v. Froiseth, 16 Minn. 260 (296); State v. Thaden, 43 Minn. 253, 45 N. W. 447; State v. Gardner, 88 Minn. 130, 92 N. W. 529; State v. Drew, 110 Minn. 247, 124 N. W. 1091, 136 Am. St. 491; Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. ed. 1110.

While it is true that relator did not refuse to testify when called for cross-examination and his counsel did not object on the specific ground that he could not be compelled to testify against himself, it is nevertheless apparent, from the portions of the record we have quoted, that the point had been brought to the court's attention before relator was called as a witness, and that, over objection, it had ruled that all three of the accused persons were subject to cross-examination under the statute. Relator is, therefore, entitled to urge that there was error in the proceedings in the respect mentioned, which was prejudicial to his substantial rights, and the judgment against him must be reversed.

Judgment reversed.