## IDA MAE FRENCH v. HAROLD FRENCH.[1]

May 2, 1952.

No. 35,626.

See, French v. French (No. 35,615) 236 Minn. 439, 53 N. W. (2d) 215.

*A. M. Joyce* and *Burton R. Sawyer,* for appellant.

*Grannis & Grannis,* for respondent.

MAGNEY, JUSTICE.

Defendant, Harold French, was adjudged guilty of contempt of court for failure to make certain payments claimed due plaintiff under an order of the court in the divorce action in French v. French (No. 35,615) 236 Minn. 439, 53 N. W. (2d) 215, filed herewith.

The parties among themselves agreed upon certain payments to be made by defendant for the support of the family during the pendency of the divorce action. No formal order granting temporary alimony or support was signed by the court. On March 27, 1951, the court granted defendant a divorce on his amended cross complaint. The court denied plaintiff alimony, but required defendant to pay her $27 weekly toward the support of the four minor chil-

---

[1]Reported in 53 N. W. (2d) 218.

dren commencing June 1, 1951. On May 9, 1951, the court made an order supplementing the findings of fact and conclusions of law. This order sets out the temporary arrangement of the parties for payment by defendant of $20 per week to a grocery store for the support of the children and plaintiff. It directs that defendant pay said sums forthwith and continue to make the payments until June 1, when the original decree providing for payments of $27 weekly becomes effective. The order of May 9, 1951, was made part of the findings of fact of the original decree, *nunc pro tunc.*

On June 4, 1951, defendant gave notice of appeal from the order of the court denying his motion for amended findings of fact and conclusions of law or for a new trial. On June 8, 1951, plaintiff gave notice of motion for an order adjudging defendant in contempt for failure to obey the order of May 9, 1951. An order to show cause was issued, setting the hearing for June 13, 1951. Thereafter, but before the hearing, a supersedeas bond was executed, served, and filed by defendant. Neither defendant nor his attorney was present at the hearing on the contempt motion, June 13, the attorney having notified attorney for plaintiff that he was ill. Defendant also was ill. Upon the hearing, the court found, by order dated June 19, that defendant was guilty of contempt of court for failure to pay the grocer $20 per week from and after May 9, 1951, and the sum of $27 per week for support from and after June 1, 1950, a total of $141 up to June 18, 1951, and imposed a penalty of 40 days in the county jail. Defendant appealed to this court from the order adjudging him to be in contempt of court and imposing a penalty.

Insofar as the order adjudging defendant in contempt is based upon defendant's failure to make support payments after June 8, 1951, the order is erroneous. The order adjudging a defendant in contempt cannot include matters not responsive to the order to show cause, "for the manifest reason that it was not the charge which he was called into court to answer." State ex rel. Hurd v. Willis, 61 Minn. 120, 123, 63 N. W. 169, 170 (a person cited for civil contempt could not be convicted for criminal contempt) ; Richardson

v. Richardson, 218 Minn. 42, 15 N. W. (2d) 127, 154 A. L. R. 526 (on order to show cause for failure to pay temporary alimony and support, defendant adjudged in contempt for failure to make temporary *and permanent* payments). We said in the Richardson case (218 Minn. 43, 15 N. W. [2d] 128) :

"'* * * The order adjudging defendant in contempt, insofar as it includes matters not responsive to the order to show cause, on which defendant was called into court, cannot be sustained, 'for the manifest reason that it was not the charge which he was called into court to answer.' "

In the instant case, the court included in its order of June 19, 1951, holding defendant in contempt for failure to pay $20 per week for groceries from and after May 9, 1951, the additional requirement that he should be adjudged in contempt for his failure to pay $27 per week support money after June 1, 1951, or a total of $141 up to June 18, 1951. Defendant was given two days to purge himself of the contempt by paying $141. The order adjudging defendant in contempt included, therefore, matters not responsive to the order to show cause, since some claimed unpaid payments did not accrue until after the order to show cause had been served on plaintiff, and some would not accrue until after the appeal to this court had been perfected. Among other things, the amount of $27 per week for support of the minor children was questioned on the appeal. Furthermore, this matter was heard as one in default, since neither defendant nor his attorney was present at the hearing because of illness. No counteraffidavit was filed. It is evident that the court included in its contempt order matters not responsive to the order to show cause, and that it went beyond the relief requested by plaintiff in her motion.

The record strongly indicates that defendant has purged himself of the contempt; but, as the record is somewhat indefinite, we are not disposing of the case on the ground that it is moot.

Order reversed.