FAYE V. PETERSON v. PALMER A. PETERSON
AND ANOTHER.
WILLIAM E. DREXLER, RELATOR.

153 N. W. (2d) 825.

October 27, 1967—No. 39,893.

 

*Firestone, Fink, Krawetz, Miley & O'Neill* and *John S. Connolly,* for relator.

*James P. Rorris* and *Dygert & Gunn,* for respondent.

SHERAN, JUSTICE.

Certiorari to the District Court of Hennepin County.

Relator was convicted of constructive criminal contempt before the District Court of Hennepin County and sentenced to 6 months' imprisonment and a $250 fine. On certiorari, he contends that the conviction must be set aside because the trial court denied his request for a trial by jury and because the prosecution was conducted by the private attorney of the plaintiff in the civil action out of which the alleged contempt arose.

The principal questions here presented are whether in constructive criminal contempt [1] cases the alleged contemnor is entitled to a trial by

---

[1] "Constructive" contempts are those which are "not committed in the immediate presence of the court, and of which it has no personal knowledge," Minn. St. 588.01, subd. 3, as opposed to "direct" contempts, which

jury and whether in such cases prosecution may be by an attorney other than one representing the State of Minnesota.

■ In 1877, State ex rel. Warfield v. Becht, 23 Minn. 411, was decided. In that case, relator, who had been adjudged in contempt for his disobedience of an order directing him to deliver up certain property to a receiver in proceedings supplementary to execution, and who had been sentenced to 1 month in jail plus a fine of $25, brought a habeas corpus proceeding, claiming that his commitment was contrary to the Minnesota Constitution's guarantee of a jury trial. This court rejected his claim on the basis that "[t]here was no criminal prosecution here, nor was the relator held to answer for a criminal offense, in the meaning of the constitution," and that "[t]rial by jury in such proceedings would not only be a thing without precedent, but intrinsically inappropriate. It would seem to be a necessity that a court should have in its own hands the power to punish contempts of its authority." 23 Minn. 413.

Notwithstanding the Warfield case and dicta in State ex rel. Russell v. Ives, 60 Minn. 478, 480, 62 N. W. 831, 832, that "[w]hen the accused is brought before the court, or appears in response to the order, the court proceeds to hear the case without a jury," a district court in 1948

---

occur "in the immediate view and presence of the court." § 588.01, subd. 2. Regarding direct contempts, Minn. St. 588.03 provides: "A direct contempt may be punished summarily, for which an order shall be made reciting the facts as occurring in the immediate view and presence of the court or officer, and adjudging the person proceeded against to be guilty of a contempt, and that he be punished as therein specified."

"Criminal" contempt is that which is prosecuted to maintain and vindicate the authority of the court, as opposed to "civil" contempt, which is prosecuted to make effective the remedy given to a private party. See, State ex rel. City of Minneapolis v. Minneapolis St. Ry. Co. 154 Minn. 401, 191 N. W. 1004; Campbell v. Motion Picture Machine Operators, 151 Minn. 238, 186 N. W. 787. Criminal contempt is prosecuted for the purpose of punishment; civil contempt, for the purpose of coercing performance by the contemnor. See, Zieman v. Zieman, 265 Minn. 190, 121 N. W. (2d) 77; State ex rel. Eder v. Searles, 141 Minn. 267, 170 N. W. 198; State v. Leftwich, 41 Minn. 42, 42 N. W. 598; In re Fanning, 40 Minn. 4, 41 N. W. 1076.

accorded a jury trial to one charged with constructive criminal contempt. See, Swift & Co. v. United Packing House Workers of America, 228 Minn. 571, 37 N. W. (2d) 831.

We have heretofore held that a number of criminal procedural safeguards are applicable to constructive criminal contempt cases. See, State ex rel. Sandquist v. District Court, 144 Minn. 326, 175 N. W. 908 (self-incrimination); State v. Binder, 190 Minn. 305, 251 N. W. 665 (proof beyond reasonable doubt); State ex rel. Fischer v. District Court, 65 Minn. 146, 67 N. W. 796 (same); Richardson v. Richardson, 218 Minn. 42, 15 N. W. (2d) 127, 154 A. L. R. 526 (proof must conform to accusation); French v. French, 236 Minn. 444, 53 N. W. (2d) 218 (same); State v. Smith, 116 Minn. 228, 133 N. W. 614 (double jeopardy—no appeal of acquittal).

Minn. Const. art. 1, § 6, provides: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *." The language is identical with that in U. S. Const. Amend. V.

In Green v. United States, 356 U. S. 165, 78 S. Ct. 632, 2 L. ed. (2d) 672, it was held that the Federal Constitution does not compel a jury trial in contempt cases.[2]

But in United States v. Barnett, 376 U. S. 681, 695, note 12, 84 S. Ct. 984, 992, 12 L. ed. (2d) 23, 33, the United States Supreme Court said by way of dictum: "Some members of the Court are of the view that, without regard to the seriousness of the offense, punishment by summary trial without a jury would be constitutionally limited to that penalty provided for petty offenses."

In Cheff v. Schnackenberg, 384 U. S. 373, 86 S. Ct. 1523, 16 L. ed. (2d) 629, the court applied this principle to the Federal courts by exercising its supervisory power, ruling that Federal courts may not impose

---

[2] Mr. Justice Frankfurter concurred in the Green decision despite his belief that the traditional reliance upon an "immemorial usage" of jury-less contempt adjudications was historically inaccurate. See, Frankfurter and Landis, *Power of Congress over Procedure in Criminal Contempts in "Inferior" Federal Courts—A Study in Separation of Powers,* 37 Harv. L. Rev. 1010, 1042 to 1052.

sentences greater than 6 months for contempt unless a jury trial has been had or waived and that sentences in excess of that period could be revised on appeal to comply with this rule.

There has been considerable dispute as to whether the new United States Supreme Court rule is constitutionally based.[3] The statement in Barnett was specifically labeled dictum, and the Cheff decision was specifically termed one in the exercise of the Supreme Court's supervisory power over Federal courts.[4]

It is realistic to think that the United States Supreme Court's new rule, although now stated to be in the exercise of its supervisory power, may be extended to the Sixth Amendment of the Federal Constitution and made applicable to the states under the Fourteenth Amendment.

There are persuasive reasons to believe that State ex rel. Warfield v. Becht, *supra,* should be overruled and that the right of a defendant to trial by jury in cases of constructive criminal contempt should be declared. Our state constitution confers the right to trial by jury in all criminal prosecutions, regardless of gravity. 10 Dunnell, Dig. (3 ed.) § 5235; see, State ex rel. Erickson v. West, 42 Minn. 147, 43 N. W. 845; see, e. g., State v. Everett, 14 Minn. 330 (439).

The cases in which this court has held that a jury trial is not available in municipal ordinance prosecutions, State v. Hartman, 261 Minn. 314, 112 N. W. (2d) 340; State v. Ketterer, 248 Minn. 173, 79 N. W. (2d) 136; see, 10 Dunnell, Dig. (3 ed.) § 5235, are not entirely in point in that they are grounded upon the fact that an ordinance violation is not an

---

[3] Although one state court has rejected the notion that the new rule is constitutionally based, see People v. Bloom, 35 Ill. (2d) 255, 220 N. E. (2d) 475; People ex rel. Stollar v. Ogilvie, 36 Ill. (2d) 261, 222 N. E. (2d) 496, another state court believes that the possibility it is so based is a real one. See, State ex rel. Buckson v. Mancari (Del.) 223 A. (2d) 81. In one case it is suggested as an alternative ground that the new rule has not been made applicable to the states. See, Ford v. Boeger (8 Cir.) 362 F. (2d) 999, 1007. A commentator has stated, "It would seem to be inevitable that the Court will apply the same [Cheff] rule to the States under the due process clause of the 14th Amendment." See, Burdick, *Problems in Contempt*, 43 N. D. L. Rev. 237, 241.

[4] See, Note, 8 William & Mary L. Rev. 76.

offense against the state as a whole. See, State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813.

Constructive criminal contempt is, in one sense, conduct offensive to the dignity of the state as a whole and is punishable by up to 6 months' imprisonment and a $250 fine.[5] The punishment is imposed as a deterrent to others. See, Gardner v. Conway, 234 Minn. 468, 48 N. W. (2d) 788; Campbell v. Motion Picture Machine Operators, 151 Minn. 238, 186 N. W. 787; State ex rel. Works v. Langum, 125 Minn. 304, 146 N. W. 1102; State v. Smith, 116 Minn. 228, 133 N. W. 614; State v. Leftwich, 41 Minn. 42, 42 N. W. 598; In re Fanning, 40 Minn. 4, 41 N. W. 1076.

It is also a fact that in a case such as this, a constructive criminal contempt is an affront to the jurist whose orders are evaded and to the judicial system as an institution. But the urgent and immediate necessity of maintaining order in the courtroom which justifies the summary disposition of direct contempts does not apply where the offensive conduct is committed out of the presence of the court. In such cases, formal proceedings are needed in any event to establish the contumacious conduct involved and to give the person accused notice and opportunity to be heard. We have often held that the trial judge, in deciding constructive contempt cases, is limited to the evidence adduced at the contempt trial and may not rely upon knowledge obtained elsewhere. See, Clausen v. Clausen, 250 Minn. 293, 84 N. W. (2d) 675; State v. Binder, 190 Minn. 305, 251 N. W. 665; State ex rel. Russell v. Ives, 60 Minn. 478, 62 N. W. 831.

---

[5] Minn. St. 588.10. It should be noted that § 588.02 limits the power to punish constructive contempts by imprisonment or by a fine exceeding $50 to cases where it appears that a party's right or remedy was defeated or prejudiced; and that § 588.20, making certain contempts misdemeanors, apparently limits the punishment for such contempts to 90 days or $100. § 609.02, subd. 3. The present relator was charged with contemptuous conduct not falling within the descriptions of § 588.20.

According to a table published in 8 William & Mary L. Rev. 90, 30 states limit the penalty which may be imposed for contempt without a jury trial. The lowest imprisonment limit is 1 day, the highest, 6 months, which obtains in 7 states. The average maximum imprisonment is 58 days; and the average maximum fine is $313.

Constitutional mandates aside, practical considerations suggest the desirability of a jury trial in cases of constructive criminal contempt. Jury trials foster public understanding and acceptance of the administration of justice and bring public attention and interest to disputes which are not and should not be the exclusive concern of the bench and bar. The use of a jury to insulate the alleged offender and the offended jurist may very well serve the interest of fairness without adversely affecting judicial procedures.

The considerations of necessity upon which others have previously based the denial of a right to trial by jury in constructive criminal contempt cases (see, e. g., In re Debs, 158 U. S. 564, 595, 15 S. Ct. 900, 910, 39 L. ed. 1092, 1106; People v. Bloom, 35 Ill. [2d] 255, 220 N. E. [2d] 475) do not seem compelling to us. Eminent authorities have argued that·there is no necessity for depriving one charged with constructive criminal contempt of a jury trial.`Beale, *Contempt of Court, Criminal and ·Civil,* 21 Harv. L. Rev. 161, 172; cf. Toledo Newspaper Co. v. United States, 247 U. S. 402, 425, 38 S. Ct. 560, 566, 62 L. ed. 1186, 1195 (Mr. Justice Holmes dissenting). This view is expressed in Goldfarb, The Contempt Power, p. 182:

"\*' \* \*·[T]hough courts may have a right of self-defense, only society as a whole has the right to punish offenses. Once the interruption to the court's proceeding ceases, the sovereign should be the only one to punish, and then only according to the procedures set out in the Constitution. It is not for the individual or for the incorporeal body that is wronged to punish. \* \* \* [P]ractices in contempt cases [may be compared] with the right of individuals to defend themselves against assault. Certainly an individual may defend himself. But once having defended himself, he cannot punish his assailant other than through the orderly processes of law. \* \* \* [C]ontempt is less a necessity for the exercise of a legal power than an engine for its abuse; and though courts should have the right to dispel interference with the performance of their functions, that power should go no further." [6]

---

[6] Paraphrasing 1 Livingston, Complete Works on Criminal Procedure, pp. 258 to 267. See, Goldfarb, *The Constitution and Contempt of Court,* 61 Mich. L. Rev. 283.

It has been argued that it would be demeaning for a judge who has offered evidence against an alleged contemnor to have the defendant acquitted by a jury. This contention has not been urged in the present matter. And, in any event, the assumption of the argument (i. e., that the jurist against whom the contumacious conduct is directed has an interest in the outcome of the case) militates in favor of rather than against submission to a jury.

Although the preceding discussion leads logically to the conclusion that the defendant in constructive criminal proceedings is entitled to a trial by an impartial jury by virtue of Minn. Const. art. 1, § 6, our decision in State ex rel. Warfield v. Becht, 23 Minn. 411, decided almost 100 years ago, remains authority to the contrary unless overruled. As of this time, we do not have sufficient experience with jury trials in constructive criminal contempt cases to know whether the considerations of necessity to which reference is made in that opinion still apply so as to justify the treatment of some constructive criminal contempt cases in a way different than that common to "criminal prosecutions" as those words are used in our constitution. For the present at least, we deem it the better course to hold that although this defendant may not have been entitled to a jury trial as a matter of constitutional right, he should have been afforded the privilege in this case as the authority of the judicial system was not in jeopardy and the punishment imposed involved imprisonment.

■ We also believe that constructive criminal contempts should not be prosecuted by attorneys other than those representing the state. As noted above, we have often stated that criminal contempts are offenses against the dignity of the state as a whole. We have held that criminal contempt is not a proceeding in the action out of which the alleged contempt arose, but is collateral to it, and the parties to the action out of which the alleged criminal contempt arose have no interest in it. See, State v. Leftwich, 41 Minn. 42, 42 N. W. 598. This being the case, the private attorney for one of the parties to the proceeding out of which the alleged contempt arose has no status which authorizes him to prosecute. The offense being against the state, due and orderly process is better assured if the prosecution is conducted by an attorney for the state.

Different considerations apply in cases of direct and civil contempt.

Our decision here is limited to cases of indirect contempt where criminal sanctions are to be imposed. It is not necessary to consider other points raised by relator.

Reversed and remanded for a new trial.