Lester L. LAYTON, Jr. et al.,
Respondents,

v.

LEGISLATIVE AUDIT COMMISSION of
the State of Minnesota et al.,
Appellants.

Nos. 49337, 49346.

Supreme Court of Minnesota.

March 13, 1979.

ORDER

On August 29, 1978, the Honorable Otis H. Godfrey, Jr., Judge of District Court of Ramsey County, issued an order directing Appellants Eldon Stoehr, Legislative Auditor, and the Legislative Audit Commission, to

" * * * permit [Respondents Lester L. Layton, Jr. and Northwest Publications, Inc.] to examine, forthwith, the complete Auditor's working papers for the audit report dated April 5, 1978, covering a five year period of the Office of the Governor, and to permit [Respondents] to make copies and excerpts therefrom. [And] * * * in the event the [Appellants] claim certain of said working papers constitute the thought process or information furnished by an informant in confidence, that such papers shall be submitted to this Court in camera for determination as to whether said items are subject to examination by the [Respondents] herein."

On September 12, 1978, the Honorable Otis H. Godfrey, Jr., issued an order reading in part as follows:

"Therefore it is ORDERED that Defendant Eldon Stoehr is guilty of contempt of this court because of his violation of the order of this court dated August 29, 1978 and that for such contempt he be committed to the custody of the sheriff of the County of Ramsey, State of Minnesota, and be confined in the Ramsey County Workhouse for a period of thirty (30) days; provided however that if said Eldon Stoehr shall turn over to petitioners the complete auditor's working papers for the audit report dated April 5, 1978 covering a five-year period of the Office of the Governor not later than Thursday, September 14, 1978, 2:00 p. m., said Defendant Eldon Stoehr shall be purged of this contempt."

On September 12, 1978, Eldon Stoehr and the Audit Commission perfected an appeal from the examination order of August 29, and on September 14, 1978, perfected an appeal from the contempt order of September 12. Upon being advised of Appellants' intent to appeal from these orders, the Honorable Otis H. Godfrey, Jr. issued an order dated September 14, 1978, staying execution of the contempt order pending a determination of the two appeals by the Supreme Court.

On September 21, 1978, Respondents moved that the appeal of the August 29 examination order be dismissed on the ground that the Attorney General of the State of Minnesota had not appeared as counsel for Appellants. Respondents also moved in the alternative that should the motion to dismiss be denied, the appeal be set for an early hearing. Respondents submitted a memorandum in support of the motion to dismiss and an affidavit in support of the motion for expedited hearing. On October 2, 1978, Appellants submitted a memorandum of law in opposition to the motions, and on October 6, 1978, Respondents submitted a reply brief. On October 26, 1978, this court issued an order denying the motion to dismiss and granting the alternative motion for expedited hearing. By this order, a briefing schedule was established and a hearing set for December 14, 1978.

Prior to the date set for hearing, Appellants moved to dismiss their appeal of the August 29 examination order because the action had been "fully compromised and settled." Whereupon this court entered an order dated October 31, 1978, dismissing the appeal.

No further action was taken with respect to the appeal from the September 12 order finding Eldon Stoehr in contempt and directing his confinement.

**2**

Because of the uncertain posture of the remaining, unprosecuted appeal, the Supreme Court issued an order on January 12, 1979, directing the parties to show cause on January 17, 1979, as to why some form of dispositive action should not be taken regarding the unresolved appeal and requesting that the parties recommend the disposition appropriate. In response, counsel for Respondents Lester L. Layton, Jr. and Northwest Publications, Inc. advised that although Northwest Publications had no further interest in the matter as a party, the appeal from the order finding Eldon Stoehr in contempt and directing his confinement should be dismissed and the case remanded to the Honorable Otis H. Godfrey, Jr. for further proceedings. The expressed position of counsel for Eldon Stoehr was that the contempt order had been made moot by the fact that Eldon Stoehr had made available to Lester L. Layton, Jr. and Northwest Publications, Inc. the materials which they had sought to examine. It is an accepted fact that this was done, but on a date after the examination ordered "forthwith" by the Honorable Otis H. Godfrey, Jr. on August 29.

The situation, then, is one where the controversy between the original parties to the litigation has been resolved by agreement and the appeal of Eldon Stoehr questioning the validity of the August 29 examination order has been dismissed. Given this state of affairs, the question is whether proceedings with respect to the contempt order should be returned to the district court for further consideration by the Honorable Otis H. Godfrey, Jr. and possible execution of the imprisonment which that order specifies.

We have found no precedent to afford guidance in this unusual situation. The problem presented is one of unusual difficulty because, had the appeal from the August 29 examination order been processed, the contentions of the parties would have brought before us in an adversary posture the question of whether the district court as a component of the judicial branch of the government of this state has the authority to direct an agent of the legislature, a separate and independent branch of government, to make public information acquired by him in the fulfillment of his legislatively prescribed and supervised responsibilities. While the settlement of the principal action has removed the concerns of the principal adversaries in this matter, we are left with the problem of whether, the original adversaries being satisfied and at peace, the district court should take further action against Eldon Stoehr for failure to abide by the August 29 examination order in timely fashion.

Although the procedural solution to the problem is not altogether clear, we have concluded that it can best be dealt with by dismissing the appeal and remanding to the district court for further proceedings and specific consideration of these legal issues arising from the use of the contempt power in this case:

1. Did the district court have the jurisdiction or authority to issue the August 29 examination order which is a prerequisite to a finding of contempt? 12 A.L.R.2d 1059; *Red River Potato Growers Association v. Bernardy,* 128 Minn. 153, 150 N.W. 383 (1915). The dismissal of the substantive appeal may end the issue between the parties, but resolution of the contempt proceedings requires the separation of powers issue to be decided. This court cannot assume there was such authority without a specific examination of this question.

2. Is this a case of constructive, criminal contempt? Minn.St. 588.01, subd. 3(3); Minn.St. 588.20, subd. 4; *Peterson v. Peterson,* 278 Minn. 275, 153 N.W.2d 825 (1967).

3. If it is not a contempt to disobey an order under appeal, *Wilkins v. Corey,* 172 Minn. 102, 214 N.W. 776 (1927), was it proper to find Eldon Stoehr in contempt for disobeying an order before judgment had been entered, thus making, in his mind, an appeal impossible under *State ex rel. Board of County Commissioners v. McKellar,* 92 Minn. 242, 99 N.W. 807 (1904) and *State ex rel. Boldt v. St. Cloud Milk Producers' Association,* 200 Minn. 1, 273 N.W. 603 (1937)?

4. Should this contempt have been prosecuted as a criminal charge by an attorney representing the state? *Peterson v. Peterson, supra.*

5. What is the effect of Eldon Stoehr's eventual, though untimely, compliance with the August 29 examination order?

6. Was Eldon Stoehr entitled to receive specific notice of the charges against him prior to hearing, or was the September 6 order to show cause why the August 29 examination order had not been obeyed sufficient? *Peterson v. Peterson, supra; Schleper v. Ford,* 585 F.2d 1367 (8th Cir. 1978).

7. Was Eldon Stoehr entitled to a jury trial? *Peterson v. Peterson, supra; Knadjek v. West,* 278 Minn. 282, 153 N.W.2d 846 (1967).

8. Was Eldon Stoehr entitled to a hearing providing the full range of due process rights, including the Fifth Amendment? *Peterson v. Peterson, supra; State ex rel. Sandquist v. District Court of Blue Earth County,* 144 Minn. 326, 175 N.W. 908 (1919); *State v. Binder,* 190 Minn. 305, 251 N.W. 665 (1933).

9. May Stoehr be imprisoned for his actions? Minn.St. 588.02.

We remand to the district court on the assumption that the issues set out above will be examined before the confinement of Eldon Stoehr is directed pursuant to the contempt order and that Eldon Stoehr will be given an opportunity to secure appellate review of the district court's resolution before confinement is compelled. It is further assumed that the propriety of the supervision of further proceedings and of the consideration of the above questions by the same judge whose order was not complied with in timely fashion will be given the serious consideration that this aspect of the case deserves. See, e. g., *State v. Laughlin,* 204 Minn. 291, 283 N.W. 395 (1939).