**In re the WELFARE OF A.W.**

**No. C2–86–1292.**

Court of Appeals of Minnesota.

Jan. 20, 1987.

Jay Liedman, Kandiyohi County Public Defender, Willmar, for appellant.

Michael Lynch, Kandiyohi Co. Atty., Warren Kochis, Asst. Co. Atty., Willmar, for respondent.

Considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

This is an appeal of an order and finding of contempt against the mother of a minor who is subject to a delinquency action in juvenile court. The contempt order is appealable as a final order under *Time-Share Systems, Inc. v. Schmidt,* 397 N.W.2d 438 (Minn.Ct.App.1986).

## FACTS

A.W. was seven years old when he removed a Spy Scope toy from a package while in a store with his mother, J.W. He had asked J.W. to buy the toy, but she told him he could not have it. A store employee heard A.W. open the package and confronted him; A.W. said the toy was his. Kandiyohi County brought a delinquency petition against A.W. for this action. The value of the toy spy scope was $1.49.

On March 18, 1986, both A.W.'s father and J.W. came with him to court. They were not represented by an attorney. A.W. admitted that he had taken the toy, and the delinquency petition was continued for dismissal conditioned upon A.W.'s attending a shoplifting clinic.

In court J.W. was orally informed that the shoplifting clinic would be at 7:00 p.m., March *27.* J.W. wrote this date on a calendar. On March 19 the Willmar Police Department school coordinator sent J.W. a letter explaining the place for the clinic and that at least one parent must attend with the child. The letter stated the date for the clinic as March *25.* J.W., in the process of moving, did not notice the change of date and packed the letter.

At 7:00 p.m. on March 27 J.W. appeared at the Safety Building for the class. She was told she had missed the class, which had been on the 25th. She attempted to enroll her child for the next clinic, but was told he would not be allowed to attend.

On April 18, 1986, the court issued an order to show cause why J.W. should not be held in contempt of court. The court also appointed an attorney to represent J.W. J.W.'s attorney repeated the attempt to enroll A.W. in the shoplifting clinic, but was told that A.W. would not be allowed to attend.

The hearing was held before the judge who issued the order to show cause. The county acknowledged that J.W. was origi-

nally given the date of March 27 and that she appeared at the Safety Building on that date. J.W. testified that she believed the clinic was to be held on March 27 and that she remained willing to have A.W. attend the class. The trial court concluded that J.W. was in contempt of court for not attending on March 25 and "ordered imposition of sentence * * * stayed on the condition that [J.W.] attend the next scheduled sessions of Parenting Classes in Kandiyohi County * * * until duly discharged upon successful completion of said classes."

## ISSUE

Did the trial court err in finding J.W. in contempt?

## DISCUSSION

This proceeding, initially brought for the questionable purpose of prosecuting a seven-year-old child for theft of a $1.49 toy, now includes a contempt order against his mother. The court found J.W. violated Minn.Stat. 260.301 (1984), which states:

> Any person *knowingly* interfering with an order of the juvenile court is in contempt of court.

(Emphasis added). The statute itself does not specify whether it is criminal or civil. The Interim Commission Comment cross-references the criminal contempt section of the general contempt statute, Minn.Stat. § 613.69, now renumbered § 588.20. The Comment also states that Minn.Stat. § 260.301 "is in addition to the general contempt provisions found in chapter 588 of Minnesota Statutes." Courts have interpreted the juvenile contempt statute in conjunction with Chapter 588. *See State ex rel. L.E.A. v. Hammergren*, 294 N.W.2d 705, 706 (Minn.1980).

Whether contempt is civil or criminal is determined by the court's purpose in responding to alleged misconduct, rather than the nature of the misconduct itself. The purpose of civil contempt is to coerce future compliance by imposition of a sanction of indefinite duration terminable on compliance or inability to comply. Criminal contempt is to preserve the authority of the court by punishing past misconduct. *Peterson v. Peterson*, 278 Minn. 275, 153

N.W.2d 825 (1967). Usually this is done through an unconditional and fixed sentence.

■ J.W.'s contempt conviction for failing to appear on March 25, 1986, is clearly criminal rather than civil. It is for a past failure to act which J.W. was not allowed to remedy. "Sentencing" her to parenting classes has no direct remedial effect on A.W.'s delinquency, and its only purpose is to maintain and vindicate the authority of the court by punishing J.W. and deterring similar conduct.

■ The act which the court found to be contempt was "not committed in the immediate presence of the court" and is therefore constructive rather than direct. Minn. Stat. § 588.01, subd. 3 (1984). Criminal procedural safeguards are applicable in constructive criminal contempt cases. *Peterson* at 277, 153 N.W.2d at 827. The applicable Rules of Criminal Procedure require:

1. A written complaint which is a signed statement of the essential facts constituting the offense charged, Rule 2.01;

   *   *   *   *   *   *

2. The right to counsel, Rule 5.02, subd. 2.;

   *   *   *   *   *   *

3. The right to a jury trial, Rule 26.01, subd. 1(1)(a).

J.W. did obtain an attorney; however, none of the other procedural requirements were met.

■ We also note other deficiencies. The order which is the basis of J.W.'s contempt states only that the delinquency matter would be continued until A.W. completed the shoplifting class. The order does not state the date of the class A.W. was to attend or that a parent was required to attend with him. A finding of contempt, whether civil or criminal, must be based on a clear definition of the acts to be performed. *See Hopp v. Hopp*, 279 Minn. 170, 174, 156 N.W.2d 212, 216 (1968) (civil contempt). Finally, the evidence does not support a finding that J.W. knowingly violated the order.

## DECISION

The trial court erred in finding appellant in contempt of court, because the proper procedural requirements were not observed. The contempt order is vacated.

Reversed and vacated.

SEDGWICK, J., concurs specially.

SEDGWICK, Judge (concurring specially).

I concur with the majority opinion reversing and vacating the contempt order against this mother, but I would also order dismissal of the delinquency petition.

If the full weight of the juvenile justice system was necessary to impress this seven year old child, he should have been permitted to correct his errant ways by complying with the court order. Since the court refused to permit him to do so, the petition should be dismissed with prejudice and the record of this heinous crime expunged.