GARY A. KNAJDEK, A MINOR, BY RAYMOND KNAJDEK, AS PARENT AND NATURAL GUARDIAN, AND ANOTHER v. WAYNE W. WEST.
WILLIAM E. DREXLER, RELATOR.

153 N. W. (2d) 846.

October 27, 1967—Nos. 40,367, 40,370.

*Firestone, Fink, Krawetz, Miley & O'Neill,* for relator.
*Murnane, Murnane, Battis & deLambert,* for defendant respondent.

ROGOSHESKE, JUSTICE.

Certiorari to review an adjudication of contempt against appellant, William E. Drexler, before the District Court of Ramsey County. Appellant, an attorney, represented Gary A. Knajdek (a teen-age minor) and his father, Raymond Knajdek, in a personal injury action against respondent, Wayne W. West. On April 1, 1965, after the case was called for trial, a settlement agreement that respondent would pay plaintiffs $1,500 was reached in open court. Since the minor plaintiff was not present, it was agreed that appellant would secure the court's approval of the minor's settlement pursuant to District Court Rule 3, which includes the requirement that the minor appear when the application for approval is made. Subsequently, a draft for $1,500 was sent to appellant. Despite the efforts of respondent's attorney, appellant still had not secured the court's approval of the settlement in February 1966. However, the minor's father had signed a release and negotiated the draft, and appellant had disbursed the funds by paying the medical and other expenses, including his fee, and depositing the minor's share of $602.38 in a savings account with the minor's father as trustee.

On February 8, 1966, on motion of respondent, the judge before whom the settlement agreement was made issued an order that appellant and plaintiffs show cause before him at 9 a. m. on February 25, 1966, why an order should not issue to compel plaintiffs to petition the court to approve the settlement. On February 25 appellant did not get to the judge's chambers until about 9:20 a. m. On March 18, 1966, the judge issued an order to apprehend and produce appellant and plaintiffs before him to show cause why they should not be punished for contempt for their failure to obey the order of February 8.

On March 24, 1966, appellant appeared, was denied a continuance, and testified as to the reasons for his failure to secure the court's approval of the settlement and his failure to appear in court on time on February 25. As to the former, he stated in substance that it was caused by the fact that Gary was in the Army and was stationed outside the state during most of the period in question; that he had had no response to his request that Gary contact him if he should return home; and that on Feb-

ruary 26, 1966, Gary's father died and the court refused to approve the settlement until a successor had been appointed. As to his failure to appear in court on time, he stated he got to the courthouse at 8:50 a. m., but his confusion as to what judge was going to hear the matter and his efforts to locate the proper judge caused his tardiness. At the conclusion of the testimony, the court found appellant guilty of contempt on the grounds that his failure to comply with the order of February 8, 1966, was "wilful and inexcusable" and that his failure since April 1, 1965, to secure the court's approval of the minor's settlement was "wilful and inexcusable." He was sentenced to 60 days in the county jail.

Our recent decision in Peterson v. Peterson, 278 Minn. 275, 153 N. W. (2d) 825, compels a reversal of appellant's conviction. In that case we held that a person charged with a criminal contempt not committed in the presence of the court is entitled to a jury trial. Since the record makes clear that the proceedings against appellant resulted in his conviction and punishment for constructive criminal contempt, he is entitled to a jury trial.

Although there is disagreement [1] among the courts in this country as to under what circumstances a contempt is "direct" and when it is "constructive," [2] we are persuaded that both grounds upon which appellant's conviction of contempt rested should be considered as being constructive in nature.[3] Admittedly, both the failure to secure the court's approval of the minor's settlement and the failure to appear on time occurred in the court's presence in the sense that the judge was personally aware of the respective failures and the possible implications. But the mere fact of the failure was in neither instance sufficient in itself to constitute the offense. It was the reasons for the failures which would render them either contemptuous or excusable,[4] and the court could have no firsthand knowledge as to these reasons. Thus the judge did not, as a result of acts oc-

---

[1] See, e. g., Annotation, 97 A. L. R. (2d) 431.

[2] This question must be decided because direct contempts may be heard and punished summarily but constructive contempts may not.

[3] Cf. Clausen v. Clausen, 250 Minn. 293, 84 N. W. (2d) 675.

[4] Cf. Zieman v. Zieman, 265 Minn. 190, 121 N. W. (2d) 77; 17 Am. Jur. (2d) Contempt, § 8; Annotation, 97 A. L. R. (2d) 431, 453.

curring in his immediate view and presence, have personal knowledge as to all the operative facts which constituted the offense and were necessary to a proper adjudication of appellant's guilt or innocence of the contempt charges. Both must therefore be held to be constructive in nature.[5]

Although the proceedings were instituted to enforce the civil remedy of compelling appellant to secure court approval of the settlement, they resulted in his being adjudged guilty of offenses treated by the court as criminal in nature. Appellant's conviction for his failure to appear on time on February 25, 1966, was clearly criminal and not civil. It was for an act wholly performed which could not be recalled. Thus, the punishment could have no remedial effect, and its only purpose was to maintain and vindicate the authority of the court by punishing a wrongdoer and deterring others from engaging in similar conduct.[6] On the other hand, appellant's failure to secure the court's approval of the settlement certainly could have been the basis for a conviction of civil contempt. But the record leaves no doubt that the purpose behind the conviction was penal, not remedial, and the object was to punish for contumacious disrespect of the court's order.[7] Respondent did not move the court to find appellant in contempt, but rather the judge acted on his own initiative. Moreover, appellant's offer to secure the necessary court approval of the settlement if he were given 2 weeks' more time was summarily rejected. He was found guilty of contempt without ascertaining his ability to secure approval of the settlement and without giving him an opportunity to purge himself of his guilt. These facts establish that the purpose underlying appellant's conviction was not to serve as a means of making effective a civil remedy of a private party, but to punish appellant for his past conduct in order to maintain and vindicate the authority of the court. We therefore hold that appellant's conviction of contempt was both constructive and criminal.

Our reversal of the conviction on the ground that a jury trial is re-

---

[5] Minn. St. 588.01, subd. 3; State ex rel. Russell v. Ives, 60 Minn. 478, 62 N. W. 831; Annotation, 97 A. L. R. (2d) 431, 459, 461.

[6] See, Swift & Co. v. United Packing House Workers of America, 228 Minn. 571; 37 N. W. (2d) 831.

[7] See, 17 Am. Jur. (2d) Contempt, § 4.

quired renders it unnecessary to consider whether there was sufficient evidence to support it or other assigned errors.

Reversed and remanded.