SUSAN CASHMAN v. HARRY MATSON AND ANOTHER.

174 N. W. (2d) 236.

January 23, 1970—No. 41915.

*LeVander, Zimpfer & Tierney,* for appellant.

*Meagher, Geer, Markham & Anderson* and *O. C. Adamson II,* for respondent Baehr.

*Jack F. Brown,* for respondent Matson.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

Per Curiam.

This is an action to recover damages for personal injuries sustained by a pedestrian struck by an automobile in a shopping center parking lot. The case was submitted on a special verdict. The jury found plaintiff guilty of contributory negligence but also found that such negligence was not a direct cause of the accident. Damages were assessed in the amount of $45,260.

At the conclusion of the final arguments (which were not recorded), defendants moved for a mistrial on the ground that plaintiff disclosed to the jury the fact that they would have to find plaintiff free from contributory negligence in order for her to recover. McCourtie v. United States Steel Corp. 253 Minn. 501, 93 N. W. (2d) 552. Neither the court nor counsel could recall the exact language used in plaintiff's argument. The court gave a cautionary instruction which plaintiff contends was sufficient to correct any irregularity, citing Johnson v. O'Brien, 258 Minn. 502, 105 N. W. (2d) 244, 88 A. L. R. (2d) 577. It is plaintiff's position that whatever was said could not in any event be prejudicial because the jury did in fact find plaintiff guilty of negligence. The trial

court granted defendants' motions for a new trial, stating in its order the following ground:

"That the granting of a new trial on the issue of liability alone is based exclusively upon errors of law occurring at the trial and upon no other grounds; said error being the error of plaintiff's counsel stating the ultimate effect of the jury's answers to special Interrogatories and the failure of the Court to give a cautionary instruction immediately upon said errors being brought to its attention."

Although the order recites that the new trial is granted exclusively for errors of law, and thus purports to be appealable under Rule 103.03(e), Rules of Civil Appellate Procedure, we hold that the granting of a new trial for misconduct of counsel is a discretionary matter from which there is no absolute right of appeal. Reese v. Ross & Ross Auctioneers, Inc. 276 Minn. 67, 149 N. W. (2d) 16. Inasmuch as no application for discretionary review has been sought under Rule 105, the appeal is not properly before us and is therefore dismissed.

Appeal dismissed.