The trial court's order sustaining the revocation is affirmed.

Affirmed.

**In Re ORDER OF the DISTRICT COURT ISSUED ON JANUARY 7, 1987.**

Nos. C2–87–217, C1–87–242.

Court of Appeals of Minnesota.

July 28, 1987.

hawan, who brought suit against respondent P & R Builders, Inc. to recover damages for an injury sustained at a construction site.

Prior to trial, appellant moved the court for an order compelling the deposition of Dr. Donovan McCain, a board-certified orthopedic surgeon who performed an independent medical evaluation of plaintiff. Based on defense counsel's representation Dr. McCain would be called to testify at trial, the court denied appellant's motion to compel Dr. McCain's deposition. Appellant then subpoenaed Dr. McCain for trial and put him on the stand as his own first witness.

After questioning Dr. McCain at some length, appellant asked, "Doctor, isn't it true in the medical legal community you have a reputation, and your name is 'No Pain McCain?'" Defense counsel objected and requested a curative instruction. The court called counsel to the bench for a brief conference, took the matter under advisement and directed counsel to be present the next morning to further discuss the issue. The next morning, following an in camera discussion, the court declared a mistrial stating:

> Members of the Jury, there are circumstances which occur in the conduct of litigation which require the Court to exercise independent judgment to ensure that the interests of justice are served and the rights of all of the parties are adequately protected. We've had such a circumstance in the conduct of this trial in a question asked at the close of yesterday's evidence by Mr. Heegaard. Although such a request has not been made by the defense, I am going to grant on my own motion a mistrial in this case.

> Because of my finding that in the context of the question and because of the tone of voice and inflection used by Mr. Heegaard and the peculiar circumstances that occurred in this case, the intent and the import of that question was solely for the purpose of harassment or embarrassment and that I am obligated pursuant to Rule 611 of the Rules of Evidence

Peter H. Berge, Schwebel, Goetz & Sieben, Minneapolis, for appellant Roger W. Heegaard.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent Charles A. Porter, Jr.

Stephen J. Foley, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for defendant P & R Builders, Inc.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

Relator/appellant (appellant) Roger W. Heegaard, attorney for plaintiffs in the underlying action, seeks review by writ of certiorari and appeal of an oral order declaring a mistrial and requiring payment of court costs, attorney fees and witness' expenses. Appellant claims the oral order is reviewable because it is essentially an adjudication of criminal contempt against him. We disagree and therefore discharge the writ of certiorari and dismiss this appeal.

## FACTS

The underlying litigation arose out of a personal injury action. Appellant Heegaard represented plaintiff Ramesch Wad-

to protect, I am therefore granting a mistrial in this case * * *.

After the jury retired, the court stated to counsel:

> I am ordering payment in the amount of $500.00 for court costs, $1,000.00 of attorney's fees payable to [defense counsel], and a further payment in an amount necessary to compensate Dr. McCain for his preparation and testimony yesterday. I am further ordering that there will be no prejudgment interest attributable to any verdict from today until the date of such verdict.

The January 7, 1987 oral order was not reduced to writing and consequently not formally entered.

Appellant sought review of the oral order by filing both a notice of appeal and petition for a writ of certiorari. Appellant served the Minnesota Attorney General and P & R Builders, who then filed its statement of the case.

On February 27, 1987, appellant moved to strike P & R Builders' statement of the case and preclude its further participation in the appeal. Appellant claimed the trial court judge, not P & R Builders, was the appropriate respondent. That same day, the Minnesota Attorney General filed a letter advising this court of its decision not to participate on behalf of the judge. The attorney general reasoned the trial court judge had not been personally served regarding this appeal and further stated "it is the Judge's view that the defendant below is the real party in interest."

On March 17, 1987, this court issued an order consolidating both appeals and denying appellant's motion to strike respondent P & R Builders' statement of the case and its further participation. This court determined P & R Builders is an adverse party pursuant to Minn.R.Civ.App.P. 143.01. We further deferred decision on the jurisdictional issues until consideration of this appeal on the merits.

## ISSUE

Is the oral order reviewable at this time?

## ANALYSIS

■ 1. An appeal may be taken to the court of appeals pursuant to Minn.R.Civ. App.P. 103.03:

> (d) from an order denying a new trial, or from *an order granting a new trial if the trial court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground;* and the trial court shall specify such errors in its order or memorandum, but upon appeal, such order granting a new trial may be sustained for errors of law prejudicial to respondent other than those specified by the trial court;
>
> (e) from an order which, in effect, *determines the action and prevents a judgment from which an appeal might be taken;*
>
>    *    *    *    *    *    *
>
> (g) except as otherwise provided by statute, from a final order, decision or judgment *affecting a substantial right made in an* administrative or *other special proceeding,* provided that the appeal must be taken within the time limited for appeal from an order * * *.

Minn.R.Civ.App.P. 103.03(d), (e) & (g) (1986) (emphases added).

Appellant claims the oral order is directed against him, a nonparty to the underlying action. He therefore argues the oral order is appealable under Minn.R.Civ. App.P. 103.03(e) because, as against him, the order "determines the action." *Id.* Further, appellant argues the order constitutes an adjudication of contempt against him and is appealable under rule 103.03(g) because it is a decision "affecting a substantial right made in [a] * * * special proceeding." *Id.* A special proceeding is defined as a proceeding

> commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief. * * * It adjudicates by final order a substantial right distinct from any judgment entered upon the merits of the original action.

*Willeck v. Willeck,* 286 Minn. 553, 554 n. 1, 176 N.W.2d 558, 559 n. 1 (1970) (per cu-

riam). Appellant argues the contempt proceeding was commenced independently of the pending action and involves his substantial rights because the trial court is empowered to punish contempt by fine or imprisonment. Minn.Stat. § 588.02 (1986). Appellant further asserts the contempt order is intended to punish and is therefore criminal in nature. *See Emery Air Freight Corp. v. Local 544*, 379 N.W.2d 539, 543 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Feb. 14, 1986).

Earlier case law authorizes review of a criminal contempt order by writ of certiorari. *Proper v. Proper*, 188 Minn. 15, 16, 246 N.W. 481, 481 (1933) (criminal contempt used solely to impose a punishment can be reviewed only by certiorari); *see Knajdek v. West*, 278 Minn. 282, 153 N.W.2d 846 (1967) (oral criminal contempt order against nonparty attorney reviewable by writ of certiorari). Appellant therefore argues the order is properly reviewable under the Minnesota Rules of Civil Appellate Procedure and by writ of certiorari.

We disagree. The court did not expressly direct the order against appellant. The order is therefore directed against the plaintiff. Further, the court referenced prejudgment interest, governed by Minn. Stat. § 549.09 (1986) which applies to interest payable between parties to the action. The February 27, 1987 letter from the attorney general further evidences the court's intent the order was directed against the plaintiff and not appellant. Since the order runs against a party and does not "determine the action," the order is not appealable under Minn.R.Civ.App.P. 103.03(e).

Similarly, the court did not expressly find appellant guilty of contempt. *See, e.g., Knajdek*, 278 Minn. at 284, 153 N.W.2d at 847 (specific finding attorney guilty of contempt). The order is therefore not reviewable by writ of certiorari for criminal contempt. Nor does the order arise from an alleged contempt proceeding appellant claimed constituted a "special proceeding" appealable under Minn.R.Civ.App.P. 103.03(g).

 The oral order is not a criminal contempt order against appellant but an order granting a new trial and assessing costs and fees because of attorney misconduct. The only possible avenue for review is available under Minn.R.Civ.App.P. 103.03(d) allowing an appeal from "an order granting a new trial if * * * the order is based exclusively upon errors of law occurring at the trial, and upon no other ground." *Id.* Legal errors, however, do not include granting a new trial for attorney misconduct. *Cashman v. Matson*, 286 Minn. 516, 174 N.W.2d 236 (1970) (per curiam); *see, e.g., Erickson v. Hinckley Municipal Liquor Store*, 373 N.W.2d 318, 326 (Minn.Ct.App.1985) (attorney fees award from mistrial due to attorney misconduct reviewable after judgment entered in second trial).

## DECISION

The January 7, 1987 oral order is not reviewable at this time.

Writ discharged and appeal dismissed.