Martha PRIMUS, et al., Appellants,

v.

Thomas JOHNSON, et al., Respondents.

No. CX–88–1271.

Court of Appeals of Minnesota.

Aug. 2, 1988.

Paul J. Phelps, Thomas J. Lyons & Associates, St. Paul, Minn., for appellants.

Lee L. LaBore, Lee L. LaBore & Associates, Hopkins, Minn., for respondents.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NORTON, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellants' attorney made a reference to an insurance company in his opening statement at trial. Because of this reference, the trial court ordered a mistrial and awarded respondents their costs and disbursements. Appellants seek review of the order granting a mistrial and the judgment awarding costs and disbursements. This court questioned jurisdiction and directed the parties to file memoranda on the appealability of the order and judgment. Respondents move to dismiss the appeal.

### DECISION

■ The granting of a new trial for misconduct of counsel is a discretionary matter from which there is no absolute right of appeal. *Cashman v. Matson*, 286 Minn. 516, 517, 174 N.W.2d 236, 237 (1970); *see* Minn.R.Civ.App.P. 103.03(d) (order granting new trial appealable only if trial court expressly states order is based exclusively upon errors of law occurring at trial). The new trial order in this case is based on misconduct of counsel and not errors of law, and it is not appealable.

■ Appellants also seek review of the judgment for costs and disbursements awarded to respondents. A judgment which does not adjudicate all claims of all parties, and which is not entered pursuant to an order stating there is no just reason for delay and directing entry of a final partial judgment, is not appealable. Minn. R.Civ.App.P. 104.01; Minn.R.Civ.P. 54.02. The outstanding claims of the parties will be resolved in the new trial. The trial court did not make the express determination which would permit immediate appeal and the partial judgment appealed is therefore not appealable.

■ Even if the trial court had expressly directed entry of a final partial judgment on costs and disbursements, the propriety of granting a mistrial would not be reviewable, since it is inappropriate to enter judgment on an order granting a mistrial. *See* Minn.R.Civ.P. 58.01. Appellants may seek review of the award of costs and disbursements on appeal from a final judgment entered after the second trial. *See Erickson v. Hinckley Municipal Liquor Store*, 373 N.W.2d 318, 326 (Minn.Ct.App.1985). Respondents' motion to dismiss is granted and this appeal is dismissed.

Appeal dismissed.